**Ex parte Jodie D. HILLIARD.**

**No. 52296.**

Court of Criminal Appeals of Texas.

July 7, 1976.

Ray J. McQuary, Rosharon, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner's sole contention is that he was subjected to double jeopardy when he was convicted of the offense of assault with intent to murder after being previously convicted of the offense of robbery by assault, where both offenses arose out of the same transaction, were based on the same evidence, and the victim was the same.

The records reflect that petitioner entered pleas of guilty to indictments charging him with robbery and assault to murder in Causes Nos. 4769 and 4770 respectively in the District Court of Howard County on November 14, 1973. After the pleas were accepted, the trial court assessed punishment at eighteen years in each case. No appeal was perfected in either case.

 The trial court entered findings of fact that "Both the robbery and assault with intent to murder were perpetrated upon the identical person in the same transaction . . . the sole victim of the robbery was shot during the course of robbery." The trial court found in its conclusions of law that the second conviction, assault with intent to murder, would "not stand where based upon the same transaction and the same proof used to support both convictions." The trial court concluded that "the assault with intent to murder conviction must be set aside and dismissed."

The trial court's findings of fact, unchallenged by the State, reflect that both convictions arose out of the same transaction and were based upon the same evidence.

In *Duckett v. State*, Tex.Cr.App., 454 S.W.2d 755, it was held that where the defendant was convicted of robbery by assault with a firearm and was later convicted of assault with intent to murder arising out of the same transaction and based on the same evidence, the second conviction would be violative of the double jeopardy provisions of the State and Federal Constitutions. See *Ex parte Jewel*, Tex.Cr.App., 535 S.W.2d 362.

 The failure of petitioner to object at the assault with intent to murder trial that he was being placed in double jeopardy does not constitute a waiver of the right to raise the matter in a post-conviction habeas corpus attack. *Ex parte Evans*, Tex.Cr. App., 530 S.W.2d 589; *Ex parte Jewel*, supra. Further, the fact that petitioner pled guilty to the assault with intent to murder indictment does not preclude him from now raising the double jeopardy contention. *Ex parte Scelles*, Tex.Cr.App., 511 S.W.2d 300; *Ex parte Jewel*, supra.

The relief sought is granted. The conviction for assault with intent to murder is set aside.

Opinion approved by the Court.