**Ex parte Willie Charles CURRY, Appellant.**

No. 62651.

Court of Criminal Appeals of Texas, En Banc.

Dec. 19, 1979.

---

1. An indictment alleging an amount of opium to make it a felony offense is not precluded by this opinion.

No appearance for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner contends that he was subjected to double jeopardy when he was convicted upon the same evidence for two offenses arising out of the same continuous assaultive transaction involving a single victim.

The record reflects that petitioner was convicted of aggravated rape and assessed punishment of 50 years on March 5, 1976 in Cause No. F76–174–NP in the 203rd Judicial District Court of Dallas County. On the same day in that court appellant was convicted of aggravated robbery and assessed punishment of 30 years in Cause No. F76–1518–P. Appeals were perfected in both causes to this Court and were affirmed in *Curry v. State*, 555 S.W.2d 126 (Tex.Cr. App.1977) in per curiam opinions numbered 53,768 and 53,769.

The trial court entered findings that the offenses for which petitioner was convicted were the product of one continuous assaultive transaction against a single victim. The trial court further found that the conviction in Cause No. F76–1518–P for aggravated robbery was subsequent to the conviction in Cause No. F76–174–NP for aggravated rape and that petitioner's conviction in Cause No. F76–1518–P for aggravated robbery should be declared void.

The trial court's findings, unchallenged by the State and petitioner, reflect that both convictions arose out of one continuous assaultive transaction against a single victim. See *Orosco v. State*, 590 S.W.2d 121 (Tex.Cr.App.1979); *Ex parte Hillard*, 538 S.W.2d 135 (Tex.Cr.App.1976). The second conviction for aggravated robbery in Cause No. F76–1518–P is violative of the double jeopardy provisions of the State and Federal Constitutions. *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr.App.1970); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976).

The relief sought is granted as to the conviction for aggravated robbery. The conviction therein is set aside.

DALLY, J., dissents.

ROBERTS, J., not participating.

DOUGLAS, Judge, dissenting.

The majority sets aside the conviction for aggravated robbery because an aggravated rape arising out of the same transaction had resulted in a conviction. This case follows prior erroneous decisions of this Court. When prior decisions are wrong, they should be overruled. What this and like holdings do is to permit one to threaten a victim with a weapon and commit as many crimes as he wishes without the possibility of being convicted of but one crime.

In this situation, he committed aggravated rape and aggravated robbery, but only one conviction stands. Had he committed sodomy, assault to murder, maiming, kidnapping and any other offenses where an assault is an element of the offense, only one conviction could be upheld under the reasoning by the majority.

There is no constitutional or statutory provision requiring the result reached in this case. See the dissenting opinion in *Orosco v. State*, 590 S.W.2d 121 (Tex.Cr. App.1979), for many additional reasons.

The relief sought should be denied.

W. C. DAVIS, J., joins in this dissent.