Antonio Davila **JIMENEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–81–00088–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 17, 1982.

Joseph G. Garza, Dallas, for appellant.

Bill White, Dist. Atty., Linda S. Mc-Donald, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction of burglary of a habitation. Appellant Antonio Davila Jimenez was tried before a jury and the trial court assessed punishment at fifteen years upon a finding that the enhancement paragraph of the indictment was true.

On or about October 4, 1978, upon returning home from dinner, complainant Margaret H. Macias discovered that her home had been burglarized. The complainant found her stereo and one of her television sets on the driveway. She also found that her other television set was inside a car parked on the driveway. She did not know who had parked the car on the driveway nor was she aware of who owned the vehicle. She did not see anyone in possession of the property in question and she did not see anyone take those items from her home.

Officer Abel Rodriguez testified that he responded to the complainant's call. Officer Rodriguez stated that he questioned the appellant, who was inside the house immediately adjacent to the complainant's home. The appellant was inside that house along with the owner of the house and another individual. Appellant told Officer Rodriguez that he had no knowledge of the burglary.

Officer Edward Adame testified that he was a detective investigator with the San Antonio Police Department and that he had gone to the complainant's house the night of the burglary in order to lift latent fingerprints from the property and the premises. Officer Adame testified that he successfully lifted prints from the inside windowsill of complainant's home. The officer noted that the window screen had been torn and the window opened where the fingerprints were lifted.

The final witness, Officer Henry Cruz, testified that he was assigned to the Identification Bureau of the San Antonio Police Department. He stated that his job consisted of comparing latent prints lifted from crime scenes to the fingerprints of known suspects and also stated that he had been doing fingerprint comparisons for three years. Officer Cruz noted that he attended the Department of Public Safety Fingerprint Identification Officers School for two weeks prior to his assignment to the SAPD Identification Bureau. Officer Cruz also testified that he had compared unknown or latent prints to known prints "probably in the hundreds" of times. After Officer Cruz described what a fingerprint actually is, he explained the difference between a latent fingerprint and a patent fingerprint, and further explained the difference between an unknown print and a known print. Officer Cruz testified that in his opinion the fingerprints lifted from inside of the windowsill were the same as those of the appellant.

■ Appellant, in his second ground of error, argues that Officer Cruz had not been properly qualified as a fingerprint expert and that the proper predicate was not

laid for Officer Cruz's opinion testimony. We conclude the witness' expertise was sufficiently shown. *Rogers v. State,* 486 S.W.2d 786, 787 (Tex.Cr.App.1972); *Xanthull v. State,* 403 S.W.2d 807, 809 (Tex.Cr. App.1966). Appellant's second ground of error is overruled.

■ In appellant's first ground of error, he questions the sufficiency of the evidence. As the record reflects, the State relied upon circumstantial evidence to convict the appellant. When circumstantial evidence is relied upon, the evidence must be sufficient to exclude every other reasonable hypothesis except that of the appellant's guilt. *Dues v. State,* 456 S.W.2d 116 (Tex.Cr.App. 1970). The Court of Criminal Appeals has held that the presence of a defendant's fingerprints alone inside burglarized premises is sufficient to prove the identity of the burglar if the fingerprints must necessarily have been made at the time of the burglary. *Nelson v. State,* 505 S.W.2d 271, 273 (Tex. Cr.App.1967).

·■ The record reflects that the complainant had not given the appellant permission to enter her home at any time. Moreover, the complainant stated that neither she or any other member of her household associated with the neighbors in the adjacent house. The complainant testified that the window in question was latched and the screen was not disturbed at the time she and her family left for dinner. Appellant's fingerprints on the inside windowsill could only have been made at the time of the burglary. The evidence is sufficient to sustain appellant's conviction. Consequently, appellant's first ground of error is overruled.

■ In appellant's final ground of error, he maintains that the trial court erred in permitting the State to comment upon the appellant's failure to testify. We find that appellant's argument is wholly without merit.

Appellant argues that the State committed reversible error when the following statements were made by the prosecutor in his closing argument:

Mr. Brown [Prosecutor]: ... You didn't hear any of these other witnesses that were sworn come up here and say he was inside all the the [sic] time, he didn't go around anywhere around that house.

Mr. Hernandez [Defense Counsel]: Your Honor, I don't believe that's permissible. I object to that line of argument about what the other witnesses didn't testify to.

The Court: Overruled.

Mr. Brown: There was another man at that time at that house when the police officer came up there. Did you see them come up here and say Antonio never went towards that house? The reason he couldn't tell that to you because he was in it. The fingerprints show that.

The State's closing argument was acceptable jury argument because it was a comment on the appellant's failure to call competent and material witnesses in his defense if such were available. *O'Bryan v. State,* 591 S.W.2d 464, 479 (Tex.Cr.App.1979); *Beal v. State,* 520 S.W.2d 907, 913 (Tex.Cr. App.1975); *Torres v. State,* 552 S.W.2d 821 (Tex.Cr.App.1977).

The record demonstrates that there were at least two other persons with the appellant in the house adjacent to the burglarized premises. The prosecutor's remarks were permissible comments on the fact that the appellant did not produce any testimony from them in his defense. Appellant's third ground of error is overruled.

Appellant submitted a pro se brief and we find his ground of error and argument to be without merit.

Accordingly, the judgment of the trial court is affirmed.