Freddie Lee **CONNER,** Appellant

v.

The **STATE** of Texas, Appellee.

No. 6–81–027–CR.

Court of Appeals of Texas, Texarkana.

May 4, 1982.

Dean White, J. Patrick Spruiell, Stanford & Bartlett, Canton, for appellant.

Tommy W. Wallace, Dist. Atty., Robert Mustard, Asst. Dist. Atty., Canton, for appellee.

CORNELIUS, Chief Justice.

Appellant Freddie Lee Conner appeals his conviction and 15 year sentence for the offense of aggravated rape.

The State's evidence revealed that the prosecutrix and her companion, Jesse Stanford, entered appellant's automobile for a ride home. After appellant drove a short distance he stopped the car and ordered Stanford out at gunpoint. He then drove a short distance more and ordered the prosecutrix to remove her clothes. When she refused he jerked down her blouse. She ran but stopped when appellant threatened to shoot her if she continued. A struggle between the two then followed during which appellant struck the prosecutrix and

took off her bra and blouse. The prosecutrix broke loose and ran again, but stopped when appellant again threatened to shoot her. Appellant struck her in the face with a pistol, knocking her unconscious. When she regained consciousness appellant was committing an act of sexual intercourse with her. The prosecutrix was taken to a hospital the following morning for examination and treatment of her injuries.

Appellant took the stand and denied that he had intercourse with the prosecutrix. He stated that he and the prosecutrix had previously agreed to an act of intercourse, for which he had paid her $30.00, and that he and she voluntarily agreed to complete the act after getting rid of Stanford. He stated that while he and the prosecutrix were still driving in the automobile he put his hand on her thigh in order to get her aroused. That appeared not to be sufficient so he then put his hand in her pants. At that time he noticed that the prosecutrix had a "rank odor" which caused him to lose interest in having intercourse with her. When he mentioned the odor to the prosecutrix and suggested that she "straighten her body up", an altercation followed in which both parties struck the other. Appellant admitted exhibiting a toy gun when he ordered Stanford out of the car, but he denied making any threats whatsoever to the prosecutrix.

The prosecutrix was examined by Dr. Lane. He testified that she had bruises and injuries which in his opinion were consistent with her testimony that she was knocked to the ground and raped. His examination of her revealed no seminal fluid, but he did find some dead spermatozoa.

■ Appellant contends in Ground of Error 3 that the evidence is insufficient to support a conviction for aggravated rape. We disagree. The State's evidence, if believed, established every element of the offense of aggravated rape. The threats to shoot the prosecutrix if she ran or continued to try to escape, which caused her to stop and ultimately suffer the sexual attack, are sufficient to establish the allegation of the indictment that appellant compelled her to submit by threats of serious bodily injury imminently to be inflicted.

Appellant also contends that the trial court erred in refusing to charge the jury on the lesser included offenses of aggravated assault, simple assault, and offensive conduct.

■ The court properly refused to charge on those offenses because they were not raised by the evidence. A charge on either aggravated assault or simple assault was not required because appellant testified that he did not use a gun or make any threats in his dealings with the prosecutrix. He did admit to having struck the prosecutrix in the altercation, but according to his own testimony that action constituted a separate and independent assault and would not constitute a lesser included offense of the offense of aggravated rape. To constitute a lesser offense of rape the assaultive conduct must be perpetrated in furtherance of the design to commit rape. *Bethune v. State*, 363 S.W.2d 462 (Tex.Cr.App.1962). If the jury believed appellant's testimony, he would have been guilty of no offense charged by the indictment in this case, and a verdict of not guilty would have been required rather than one of guilty of a lesser included offense. If the evidence shows the accused to be either guilty of the offense charged or of no offense cognizable by the indictment, a charge on a lesser included offense is not required. *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974); 4 Torcia, Wharton's Criminal Procedure § 545 (12th ed. 1976).

■ Neither did the evidence raise the issue of offensive conduct as a lesser included offense. Appellant testified that he placed his hand on the prosecutrix's thigh and later in her pants to arouse her in accordance with their previous mutual agreement to engage in intercourse. Such conduct would not constitute offensive conduct as defined by Tex.Penal Code Ann. § 22.01(a)(3) (Vernon 1974).

■ In Grounds of Error 2 and 4a appellant argues that the court should have quashed the indictment because it failed to

allege the manner and means of making the threats upon the prosecutrix and in communicating them to her. These grounds are without merit. An indictment for aggravated rape need not set out or describe the specific actions of the defendant which communicated the threats of serious bodily injury to the victim. *Brem v. State*, 571 S.W.2d 314 (Tex.Cr.App.1978), and cases there cited.

 Appellant also asserts that his motion to quash the indictment should have been sustained because the indictment failed to aver that he intentionally and knowingly threatened the prosecutrix with serious bodily injury. The indictment, in its pertinent parts, alleged that appellant

"... did then and there intentionally and knowingly by threats and force, and without her consent, have sexual intercourse with J——— J——— G———, a female who was not his wife, and ... compelled submission to said rape by threats of serious bodily injury to be imminently inflicted on J——— J——— G———, ...".

The thrust of appellant's argument is that the indictment was defective because it did not repeat the phrase "intentionally and knowingly" prior to the averment that the submission was compelled by threats. We reject this proposition. A reasonable reading of the one sentence accusation is that the appellant intentionally and knowingly committed all of the acts alleged as part of the offense. The intentional and knowing allegation related to all of the acts charged. *Hawkins v. State*, 628 S.W.2d 71 (Tex.Cr.App.1982); *Ex Parte Kimberlin*, 594 S.W.2d 438 (Tex.Cr.App.1980). See also *Rubio v. State*, 607 S.W.2d 498 (Tex.Cr.App.1980); *Banks v. State*, 586 S.W.2d 518 (Tex.Cr.App.1979).

It is also urged that the indictment should have been quashed because it used the term rape in describing the means used to compel submission. We disagree. The indictment is an accusatory pleading and is not evidence or a comment on the evidence. Furthermore, the phrase complained of is the exact language of the pertinent statute.

Tex.Penal Code Ann. § 21.02(a)(2) (Vernon Supp.1982).

Lastly, it is asserted that reversible error was committed when two witnesses for the State were allowed to impeach appellant by contradicting portions of his testimony. It is contended that the facts were collateral and thus not properly subject to impeachment. See 1 Ray, Texas Law of Evidence §§ 682, 683 (Texas Practice 3d ed. 1980).

In rebuttal to appellant's testimony that he had not been fired from his job and had never done anything at his job which could be considered offensive to any women workers, the State's witnesses were allowed to testify that appellant was fired from his job for absenteeism and drinking, and that on one occasion he grabbed a female worker around her waist.

First, we observe that appellant did not properly object to the specific portions of the testimony now complained of. Second, on a careful consideration of the entire record we conclude that the facts adduced were not so prejudicial as to have caused the rendition of an improper verdict, and any error was harmless beyond a reasonable doubt.

The judgment of the trial court is affirmed.