Tony James COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0129–CR.

Court of Appeals of Texas, Tyler.

March 31, 1983.

D. Channing Bradshaw, Pasadena, for appellant.

John B. Holmes, Jr., Houston, for appellee.

COLLEY, Justice.

Appellant was convicted of the offense of aggravated rape in a jury trial, and assessed a punishment of twenty (20) years imprisonment in the Texas Department of Corrections.

We affirm.

The evidence shows that on June 2, 1979, Complainant (victim of the crime) drove to a parking lot near Methodist Hospital in Houston, Harris County, Texas, where she was reporting for work. Before she arrived, an employee of the hospital, Carol Watkins, parked her car in the same lot a little after 6:00 a.m. While she was reaching for an umbrella in her back seat a black man looked at Watkins through the rear side window. It had been raining that morning, it was cloudy and a little darker than usual, but there was sufficient early morning light to distinguish the man's face. Watkins left her car and walked towards the hospital. Another Employee, Betty Wilkens, arrived at the lot around 6:15 a.m. She noticed a slim black man standing next to Carol Watkins. While waiting a few minutes in her car, Wilkens noticed Complainant park beside her. She then saw the man enter Complainant's car, pushing Complainant to the passenger side of the vehi-

cle. Complainant had a frightened look on her face. When Wilkens saw the man pointing a gun at Complainant, she ran towards the hospital. She met Watkins and told her what she had just seen. The two witnesses then went to the hospital and alerted security. By the time anyone reached the parking lot, the man and Complainant were gone as was Complainant's car.

The Complainant had seen the man standing next to Carol Watkins when she arrived at the lot at approximately 6:20 a.m. She saw the man's face as she passed them to find a parking place. After she parked next to Betty Wilkens, and as she was preparing to leave the car, the man "poked" her in the nose with a small revolver and ordered her to the passenger side floor. She saw his face when he did this, then again while sitting on the floor, before the man ordered her to not look at him. The man drove the car to some deserted homes while taking $11.00 from her by force. When they arrived, the man forced Complainant into the house while pointing the gun in her back and pulling on her hair. While inside the house he raped her, all the time threatening to kill her and "blow off" her head. The man left in Complainant's car. Complainant flagged down a motorist who drove her to Methodist Hospital where she was examined and treated for the rape. Appellant was arrested on June 11 on a warrant for a misdemeanor charge of indecent exposure. Appellant was charged by a multicount indictment for aggravated kidnapping, aggravated rape and aggravated robbery.

Appellant's pro se brief is cumulative of the one filed by his attorney on appeal, and will not be given separate treatment. During oral argument grounds three and four were argued by appellant's attorney who stated he was "no longer complaining" of ground number six. All grounds will be discussed in order.

■ Appellant's first ground complains that the indictment failed to allege in the paragraph charging the offense of aggravated rape how (by what means) appellant forced and threatened the "imminent infliction of serious bodily injury and death" of Complainant. Reliance is placed on *Cruise v. State,* 587 S.W.2d 403 (Tex.Cr.App.1979), wherein the indictment failed to state by what means the defendant caused bodily injury to the complainant. Appellant's reliance is misplaced. The defendant in *Cruise* was indicted and tried for aggravated robbery arising from the theft of a handgun from the hand bag of a female police officer, causing bodily injury in the process. The court held the manner in which defendant caused injury was a necessary part of the proof of the commission of the offense, and defendant's motion to quash the indictment entitled him to those allegations. *Id.* at 405. In prosecutions for aggravated rape the indictment is not required to allege the manner (specific acts) by which the defendant communicates the threats of serious bodily injury or death to the prosecutrix. *Hawkins v. State,* 628 S.W.2d 71, 76 (Tex.Cr.App.1982); *Brem v. State,* 571 S.W.2d 314, 317 (Tex.Cr.App. 1978); *Conner v. State,* 636 S.W.2d 214, 217 (Tex.App.—Texarkana 1982, no pet.). The first ground is overruled.

Appellant's second ground asserts that it was error to allege "three different offenses arising out of the same transaction" in the indictment. This, too, was raised in the motion to quash. Appellant cites *Ex parte Curry,* 590 S.W.2d 712 (Tex.Cr.App. 1979); *Orosco v. State,* 590 S.W.2d 121 (Tex. Cr.App.1979); and *Tatum v. State,* 534 S.W.2d 678 (Tex.Cr.App.1976). Those cases are not in point because in each of them the defendant was convicted of more than one offense out of the same transaction in violation of the "carving doctrine" (now abolished) and double jeopardy clauses of the United States and Texas Constitutions.

■ The indictment here alleges three counts against appellant; the judgment reveals one conviction for aggravated rape. The law permits joinder of two or more offenses in separate counts of a single indictment if the offenses arise out of the same incident, act or transaction. Thereafter at trial on the indictment, the State

may elect which count upon which it will rely, or if the State refuses to make such election, the trial court may submit, as here, each count to the jury with instructions to convict on only one count. *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978); *Hicks v. State,* 508 S.W.2d 400 (Tex.Cr.App. 1974); *Breeden v. State,* 438 S.W.2d 105 (Tex.Cr.App.1969). The second ground is overruled.

Appellant relies heavily on ground of error three, which says that it was error for the trial court not to sustain appellant's motion "regarding the tainted identification of appellant by the complaining witness." The attorney said, at the conclusion of the identification hearing, ". . . I still make my motion that I think her identification would be tainted by the improper line-up procedure." The court ruled at a pretrial hearing that the State could not use the line-up identification before the jury. Though appellant has not said so, we interpret the ground of error to mean that Complainant should not be allowed to identify the appellant at trial as a result of the alleged tainted line-up.

Complainant saw appellant three times, though each time for a short period. At the police station she was able to describe him sufficiently so that a composite drawing was made, which is included among the exhibits. She was certain as to the facial features but could not remember whether he had facial hair that was just a goatee and long sideburns, or whether he also had a moustache. She was positive that he did not have a full beard. Then she was shown six photographs, each of a man fitting the same general description in the drawing. She testified that "when I saw the picture of [the appellant], I completely fell apart like that whole feeling of gloom was coming back. I knew that was him." On the stand she testified "I feel absolutely certain [the defendant] is the one."

Appellant's complaint regarding the line-up procedure is that because he was denied counsel the line-up tainted her later identification. Although appellant refused to sign a waiver of his right to have counsel present, the identification hearing testimony is not clear that appellant ever requested an attorney after hearing his rights. The record indicates he had an attorney in mind, but his only request was to call his mother. Nevertheless, the line-up sheet, included in the record, shows that all of the suspects were of similar characteristics; the record shows that no one made suggestions to Complainant; and that she positively identified appellant. At the time of the line-up appellant was under arrest for an unrelated offense and for aggravated rape and aggravated kidnapping of Complainant herein; he had been brought before a magistrate and given his *Miranda* warnings.

Assuming arguendo that the exclusionary rule in *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), rendered the identification of appellant by Complainant at the line-up inadmissible, the trial court in obedience to such rule admitted no evidence of such identification line-up. No error is shown. It should be said here, however, that the appellant's testimony at the pretrial identification hearing was contradictory and confusing as to whether or not the appellant had indeed requested the presence of an attorney, either retained or appointed. The careful trial judge concluded that the line-up took place on June 12, 1979, at about 5:00 p.m., that prior to that time a felony complaint was filed against the appellant charging him with aggravated rape and aggravated kidnapping of the Complainant herein as above stated, and thus under the *Wade-Gilbert* rule excluded any evidence of the line-up identification made by the Complainant of the appellant. Nevertheless, under the totality of the circumstances, the line-up, following a positive photograph identification, composite description and by her statements at trial, even if improper, was not per se illegal because it was not "so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law." *Banks v. State,* 530 S.W.2d 940, 942 (Tex.Cr. App.1976), citing *Stovall v. Denno,* 388 U.S.

293, 301–302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). In-court identification based on observations by Complainant other than the line-up is admissible since it is of independent origin. *Thompson v. State,* 480 S.W.2d 624, 627 (Tex.Cr.App.1972), cited by appellant; see also, *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Stovall, supra.*

■ In addition, Carol Watkins, who saw the man who attacked the Complainant was asked by appellant's counsel repeatedly whether she was positive the appellant was the man she saw that morning looking at her. Watkins repeated three times, "It is my belief that he is." Though she could not place the appellant in Complainant's car, she placed him at the scene. Appellant's witnesses attempted to place him at home; only his mother said she actually saw him there. Watkins never viewed photographs or the line-up. Therefore, Complainant's identification was supported by other testimony. We recognize the dangers of misidentification, but in this case, guided as we must be, by the criteria enunciated in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), we are persuaded that the Complainant's in-court identification of the appellant was firmly based on her encounter with the appellant during the time of the commission of the sexual assault against her and the photographic spread. The description of appellant initially given police officers by Complainant was accurate. These facts demonstrate that the Complainant's identification of appellant at the line-up did not create any substantial likelihood of misidentification of the appellant at trial by the complaining witness, and that from the totality of the circumstances of this case the Complainant's in-court identification of the appellant was entirely reliable. *United States v. Ochoa,* 543 F.2d 564 (5th Cir.1976); *Bermudez v. State,* 533 S.W.2d 806 (Tex.Cr.App.1976). Appellant's third ground is overruled.

■ Appellant's fourth ground of error is that the trial court erred in not permitting counsel the opportunity to examine the police report used by Officer P.K. Pierce at the pretrial identification hearing after the witness used it to refresh her memory. Appellant cites *Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (Tex.Cr.App.1962); *Harris v. State,* 516 S.W.2d 931 (Tex.Cr.App. 1975); *Stein v. State,* 514 S.W.2d 927 (Tex. Cr.App.1974) and *Zanders v. State,* 480 S.W.2d 708 (Tex.Cr.App.1972), in support of her argument. It is the settled law of this state that police and officers' reports are not subject to discovery under Article 39.14, V.A.C.C.P. *Bradshaw v. State,* 482 S.W.2d 233 (Tex.Cr.App.1972); *Holloway v. State,* 525 S.W.2d 165 (Tex.Cr.App.1975). Appellant does not claim, nor even suggest, that the report sought contained any information tending to exculpate the appellant and therefore no error is shown. The "Gaskin Rule" is not applicable here. The witness, P.K. Pierce, did not testify at appellant's trial. Appellant's fourth ground is overruled.

■ Ground of error No. 5 complains of the trial court's action in overruling the appellant's motion to take the complaining witnesses' deposition. The ground is not briefed and the argument on the ground is general and no authorities are cited, contrary to Article 40.09, Section 9 V.A.C.C.P. Nothing is presented for review. *McWherter v. State,* 607 S.W.2d 531 (Tex.Cr.App. 1980).

■ Appellant's sixth ground claims error in the trial court's overruling of appellant's motion for continuance. Likewise this ground was not properly briefed and presents nothing for review. In addition appellant on oral argument of this case before us expressly abandoned this ground of error. Grounds five and six are therefore overruled since we are not required to review either of them in the interest of justice. *Green v. State,* 490 S.W.2d 826 (Tex.Cr.App.1973).

■ Appellant's seventh ground of error claims that the prosecutor improperly referred to appellant's failure to call a witness to refute the testimony regarding the photographic spread. The argument is as follows:

"Now, if there was anything irregular about that photograph spread, any exculpatory evidence about him, don't you know they would have called Detective Pierce up here and let you know exactly what went on? Don't you know that?

MR. BRADSHAW: I'll object to that. That constitutes improper argument.

THE COURT: It's overruled."

"It is well settled that the prosecutor, in argument, may comment upon the [appellant's] failure to call certain witnesses." *O'Bryan v. State,* 591 S.W.2d 464, 479 (Tex. Cr.App.1979), and eight cases cited therein; *Jimenez v. State,* 630 S.W.2d 776, 778 (Tex. App.—San Antonio 1982, no pet.). We find the prosecutor's comment was not improper. *Simon v. State,* 406 S.W.2d 460 (Tex.Cr. App.1966), cited by appellant in support of his argument under his seventh ground of error does not support the argument. Appellant's seventh ground is also overruled.

Appellant's final (eighth) ground contends trial court error in not sustaining the appellant's objection to argument of State's counsel, "... outside the record." The ground being general we resort to an examination of the argument accompanying the ground for the meaning and scope thereof. The argument complained of is: "Pete Christian compared his [appellant's] sperm with the substance found ...." The objection at trial was: "... I object, that's not in the record. He never testified that he made such a comparison in the record. Counsel is testifying so I object."

The court's reply: "The jury remembers the evidence as they heard it. The record speaks for itself." Our examination of the record respecting this alleged error reveals that the appellant is wrong on the facts. The witness Christian, a police chemist, did in fact testify that he had made comparisons of seminal stain blood types found on the complaining witnesses' clothing to blood samples taken from the appellant. The comment in argument was fair and accurate based on the testimony of the chemist and the reasonable inferences arising therefrom. The trial court, not ruling on the objection, committed no error. Ground eight is overruled.

Finding no error the judgment is affirmed.