**Waymond CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–83–072–CR.**

Court of Appeals of Texas,
Texarkana.

March 20, 1984.

Charles W. Schiesser, Austin, for appellant.

Ronald Earle, Dist. Atty., Curt Beckcom, Asst. Dist. Atty., Austin, for appellee.

CORNELIUS, Chief Justice.

■ Waymond Clark was convicted of rape. The principal question on appeal is whether Tex.Code Crim.Proc.Ann. art. 38.-22[1] (Vernon 1979) allows the introduction of a voluntary custodial oral statement to impeach an accused although the recording requirements of Section 3(a) of that article are not met. We conclude that it does and affirm the conviction.

Clark testified at the trial and on cross-examination denied that he had made any oral statement. To impeach him the State was allowed to prove that while in custody Clark responded to a police officer's question by stating that he had not been taking his medication and that he "had done it."

In the 1977 and 1979 versions of Article 38.22, Section 3(a) expressly prohibited the admission of an accused's custodial oral statement for impeachment purposes un-

less the recording requirements were met. As to those versions of the statute, the Court of Criminal Appeals held that the general applicability of Section 5, which allows the use of oral statements for impeachment purposes, could not override the specific language of Section 3(a). *Alfaro v. State*, 638 S.W.2d 891 (Tex.Cr.App.1982). In 1981 however, the legislature amended Article 38.22. The reference to impeachment in Section 3(a) was deleted, but Section 5 was left intact as it allows evidence of an oral statement if it bears on the credibility of the accused as a witness. We conclude that the legislature by the 1981 amendment intended to exempt from the requirements of Section 3(a) an accused's oral statements where used to impeach his testimony. *See, Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

■ Clark also contends that error was committed because the trial court submitted the case to the jury on both the rape by force and the rape by threat counts alleged in the indictment. The State may

---

1. Art. 38.22

.   .   .   .   .

Sec. 3

(a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;

(2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

(3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate, has not been altered, and reflects that the accused was advised before the interrogation that the interrogation will be recorded; and

(4) all voices on the recording are identified.

(b) Every electronic recording of any statement made by an accused during a custodial interrogation must be preserved until such time as the defendant's conviction for any offense relating thereto is final, all direct appeals therefrom are exhausted, or the prosecution of such offenses is barred by law.

(c) Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed.

(d) If the accused is a deaf person, the accused's statement under Section 2 or Section 3(a) of this article is not admissible against the accused unless the warning in Section 2 of this article is interpreted to the deaf person by an interpreter who is qualified and sworn as provided in Article 38.31 of this code.

.   .   .   .   .

Sec. 5. Nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law.

join two or more offenses in an indictment if they arise out of the same incident, act or transaction. The State may elect at trial the count on which it will rely, or failing to do so the court may submit, as it did here, each count to the jury with instructions to convict on only one count. *Coleman v. State*, 651 S.W.2d 846 (Tex.App.-Tyler [12th Dist.] 1983, no pet.); *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978).

Complaint is also made because the court refused to define numerous terms for the jury. All of these are ordinary terms of common usage, not statutorily defined, and the court properly refused to define them. *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980). There was likewise no error in refusing to give Clark's requested charge on his defensive theory of consent and retaliation. The defense was adequately presented in the charge which was given. *Moon v. State*, 607 S.W.2d 569 (Tex.Cr.App.1980); *Green v. State*, 566 S.W.2d 578 (Tex.Cr.App.1978).

The sufficiency of the evidence is challenged. The victim testified that Clark choked and pushed her onto the bed. She testified that she resisted but stopped her resistance after Clark released his choke hold upon her neck, and that she was afraid to resist any further. The jury convicted Clark of rape by threats.

Threats of bodily injury may be communicated by actions as well as by words. Tex.Penal Code Ann. § 21.02(b)(2) (Vernon 1974); *Church v. State*, 552 S.W.2d 138 (Tex.Cr.App.1977); *Harris v. State*, 441 S.W.2d 189 (Tex.Cr.App.1969). If what is said or done is such as would operate upon the mind of the victim to cause her to yield, the evidence is sufficient. *Most v. State*, 386 S.W.2d 537 (Tex.Cr.App.1965). The jury had substantial evidence upon which to base a finding of guilt. Viewing the evidence as a whole and applying the standards set out in *Church v. State*, supra and *Harris v. State*, supra, we find sufficient evidence to support the conviction.

The judgment of the trial court is affirmed.