

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00048-CR

_____

KARLYC TYRONE HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27547

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Karlyc Tyrone Harris appeals from his conviction by a jury for burglary of a habitation (entering a habitation without consent and attempting to commit or committing sexual assault). The jury assessed his punishment at twenty-five years' imprisonment and a $2,500.00 fine. Harris contends that the trial court committed reversible error by denying his motion for mistrial and also by admitting an exhibit containing evidence of an extrinsic offense.

## I.      Factual and Procedural History

Harris entered a house and confronted a woman as she got out of the shower. The woman told him to get out, locked herself in her bedroom, and called her boyfriend. From the telephone call, she determined that icy road conditions would prevent her boyfriend from arriving quickly. As she called 9-1-1 for emergency assistance, Harris began kicking the door and yelling. She ran into another room with her young son; Harris broke down the door and demanded sex. Fearful for her son and herself, she complied. Even when the police arrived, Harris continued his sexual assault until police physically removed him.

Harris testified that he was given a substance in a drink by his uncle that caused him to act strangely; when he regained self-awareness, he was in a holding cell. Harris had no convictions before this date; witnesses testified that this behavior was completely out of character for him.

## II.     Denial of Motion for Mistrial

Harris contends that the trial court abused its discretion by denying his motion for mistrial. The motion for mistrial was based upon a question asked of Harris by the State while

cross-examining Harris about statements he made to law enforcement—after he had invoked his right to counsel. He argues that the statements were made in contravention of *Miranda*,[1] and, thus, the court's instruction to disregard was inadequate.

On direct examination, Harris testified that his "uncle" gave him a drink that made his head spin, "just boom, and it was just like a big, whirl spin hit me or something like that." He testified that after walking off, he did not remember what was going on until he woke up in the Hunt County holding cell. On cross-examination, the State attempted to impeach Harris and asked him if he remembered giving a statement on March 4 to Detective Jamie Fuller about a month after the offense. Harris recalled that he told her that he remembered nothing about the day. Harris testified that Fuller had asked him if he was on drugs or had been drugged that day, and he told her he was not.

On re-direct, Harris asked him if, when he talked with Fuller, he had told her that he had an attorney. He answered that he had done so and that she left the room and did not reappear.

On re-cross, the State asked Harris if at nine minutes and forty-two seconds into the interview, he said he did not remember anything at which point Fuller read him his rights, and Harris stated he would rather have his lawyer there. "And at 10:50, she says there's nothing you want to tell me and then you tell her about how you slipped on the ice?" Defense counsel then objected and argued that all evidence about statements by Harris after he invoked his right of counsel were inadmissible. The State argued that Harris had misled the jury into thinking he had initially reported that he did not remember the criminal events, but according to the State, he first

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 494 (1966).

stated he did not remember anything after he had been warned of his rights. After a lengthy argument ensued, the State withdrew the question, and the trial court instructed the jury to disregard the question.

Harris argues that any question asked after Harris had invoked his right to counsel was improper and that "the law is so well settled on this issue as to not bear repeating . . . ." Even so, it would be helpful if counsel provided authority and explained how it applied to the present situation. Here, the State argues that its question was merely to correct the sequence of events Harris had incorrectly suggested. We find it hard to completely follow the logic of the State's argument, but we also do not believe that reversible error is present. The question, asked after Harris invoked his right to counsel, was whether Harris told an officer that he slipped on the ice. There is no explanation in the briefing as to how that statement is in any way incriminating of Harris; it has no particular legal significance.

It is generally true that custodial interrogation may not continue after invocation of the right to counsel. Here, the evidence consisted of a question that was not answered, was not incriminating, and was withdrawn with an instruction to the jury to disregard the question. Further, Harris previously had been asked and answered, without objection, a lengthy question containing this same evidence.[2]

Asking an improper question alone will seldom call for a mistrial because, in most cases, any harm can be cured by an instruction to disregard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.

---

[2]      Q.      And do you remember telling her that you don't remember anything about that day, except that you stayed the night at your fiancee's house; coming out of the house, *you slipped on the ice*; that a neighbor picked you up; that you walked to your Uncle Johnny's house, and then you said, That's all I remember?
     A.      Yes.

Crim. App. 1999). Mistrial is an extreme remedy that is appropriate only when the objectionable event is so emotionally inflammatory that a curative instruction is not likely to prevent the jury from being unfairly prejudiced against the defendant. *Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004). A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010).

Under these facts, we do not find that the denial of a mistrial was an abuse of discretion.[3] Counsel suggests that the mere asking of the question created unquestionable error and insurmountable harm. We have reviewed the cases cited by counsel for this proposition and are not persuaded that they are relevant in this situation.[4] The contention of error is overruled.

## III. Admissibility of the Plea of Guilt Documents

Harris next contends that the court erred by admitting State's Exhibit 21A. That exhibit is a redacted plea of guilty and judicial confession for an extraneous offense: giving a false name to a police officer (at the time of the offense herein on trial). Harris testified that he did not understand his rights or what was contained within the plea papers; the trial court allowed this exhibit to impeach that testimony. We use an abuse of discretion standard when reviewing the trial court's decision to admit evidence. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim.

---

[3]Since we find these facts do not present a trial error, it is not necessary to consider the State's argument that it was allowed to impeach Harris's recollection of the events. The shield provided by *Miranda*, 384 U.S. 436, does not prevent the State from impeaching the defendant with his or her prior conflicting accounts. *Harris v. New York*, 401 U.S. 222 (1971); *see Clark v. State*, 668 S.W.2d 479, 480 (Tex. App.—Texarkana 1984, no pet.) (Article 38.22 of Texas Code of Criminal Procedure does not prevent use of defendant's statements for impeachment).

[4]*Samuel v. State*, 688 S.W.2d 492 (Tex. Crim. App. 1985); *Morris v. State*, 897 S.W.2d 528 (Tex. App.—El Paso 1995, no pet.).

App. 2006). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Id.* at 792.

Harris objected that he had not given inconsistent statements and that this evidence was not proper impeachment. Generally, specific instances of conduct may not be introduced to attack the credibility of a witness. TEX. R. EVID. 608. But a witness may be impeached by evidence of a felony offense or a crime of moral turpitude when the trial court determines that the probative value of admitting the evidence outweighs its prejudicial effect to a party. TEX. R. EVID. 609(a).

Harris was convicted for the offense of giving a false and fictitious name to the police officer investigating this offense. TEX. PENAL CODE ANN. § 38.02(b) (West 2011). " Lying to a police officer or an officer of the court involves moral turpitude, regardless of whether it is done for personal gain, because it involves dishonesty." *Lape v. State*, 893 S.W.2d 949, 958 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (citations omitted). Thus, evidence of the conviction was admissible if the trial court determined the probative value of admitting it outweighed the prejudicial effect.

Since Harris did not object to the judicial confession, but only the other plea papers, the jury heard, without objection, that Harris had confessed to committing an offense. Under these circumstances, we cannot say that the trial court abused its discretion in implicitly concluding

6

that the probative value of the evidence outweighed the prejudicial effect.[5]  The contention of error is overruled.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:      November 29, 2012
Date Decided:        December 21, 2012

Do Not Publish

---

[5]If the trial judge's decision is correct on any theory of law applicable to the case, it will be sustained. *Romero v. State*, 800 S. W. 2d 539, 543 (Tex. Crim. App. 1990).

7