A. E. Bush v. The State.

No. 7861. Decided October 31, 1923.

Rehearing denied April 2, 1924.

1.—Nuisance—Defective Appeal Bond—Jurisdiction.

Where the purported appeal bond was defective and the appeal dismissed, and thereupon it was shown that by the inadvertence of the clerk he carried into the record the wrong bond the appeal is reinstated.

2.—Same—Information—Motion to Quash and in Arrest of Judgment.

Where, upon appeal from a conviction of carrying on a trade injurious to health, etc., the sufficiency of the information in both counts was attacked by motion to quash and motion in arrest of judgment the contention must be sustained, as the information did not comply with the requirements of article 452, and 453, Code of Criminal Procedure, nor with the well known rules of the law relative to the certainty required in criminal pleadings, and the judgment must be reversed and the prosecution dismissed.

Appeal from the County Court of Liberty. Tried below before the Honorable C. R. Wilson.

Appeal from a conviction of carrying on a trade injurious to health, etc.; penalty, a fine of $10.00.

The opinion states the case.

*Howth & O'Fiel, Lamar Hart,* and *Jno. T. Kitching,* for appellant.—Ex parte Slaughter, 243 S. W. Rep., 478; Ex parte Leslie, 243 id., 227; Griffin v. State, 218 id., 494; Russell v. State, 228 id., 560.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for carrying on a trade and business injurious to the health of those residing in its vicinity. Punishment was assessed at a fine of ten dollars.

Appellant undertakes to confer jurisdiction upon this court by presenting a purported bond which does not comply in any particular with the requirements of Articles 918 and 919 of Vernon's Code of Criminal Precedure. It is approved only by the clerk of the court, whereas the statute requires that in misdemeanor cases it be approved either by the sheriff or the judge. Furthermore, it has no semblance of meeting the requirements of the form of bond provided in Article 919. The only condition stated in it is that appellant:

"will not carry on the trade, business or occupation of raising hogs at or in the neighborhood of the Partlow settlement in small pens in the City of Liberty, Texas, or any other place in said county in small pens to the detriment of the health of the neighborhood."

The State's motion to dismiss the appeal because no jurisdiction is conferred upon this court by the purported bond must be sustained.

The appeal is accordingly dismissed.

*Dismissed.*

ON REHEARING.

April 2, 1924.

HAWKINS, JUDGE.—At a former day the appeal was dismissed because of a defective appeal bond. It is now made to appear that by inadvertence the clerk carried forward into the record for this court the wrong bond, and the one now before us is in compliance with the statute. The appeal is reinstated and will be considered on its merits.

Article 694 of our Penal Code reads as follows:

"If any person shall carry on any trade, business or occupation injurious to the health of those who reside in the vicinity, or shall suffer any substance which has that effect to remain on premises in his possession, he shall be punished by fine not less than ten nor more than one hundred dollars; and each separate day of carrying

on such business, trade or occupation, or of permitting such substance to remain on the premises, shall be considered a separate offense."

Appellant was convicted under the foregoing statute. The information is in two counts; the first charges that appellant did "carry on a trade and business, to-wit, the raising of hogs, such trade and business being injurious to the health of those who resided in the vicinity," where such trade and business was conducted; the second count charged that appellant did "suffer and permit a substance to remain on premises in his possession which is injurious to the health of those who reside in the vicinity of such premises."

The sufficiency of the information in either count to charge an offense against the penal laws of the State was attacked both by motion to quash and in arrest of judgment; the first count upon the ground that although following the language of the statute, it is insufficient to charge an offense in that the raising of hogs is not per se such a business as is injurious to health and that nothing is alleged as to the manner in which such business was carried on which would bring it within the condemnation of the law; the second count is alleged to be defective because the language in which the offense is attempted to be charged gives appellant no information as to what character of "substance" it is claimed he permitted to remain on his premises which in any way was injurious to the health of those who lived in the vicinity.

These contentions must be sustained. Where the language of the statute is itself completely descriptive of the offense an indictment is sufficient if it follows the statute, because by doing so it expressly charges accused with an offense; but it is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the Legislature or from the application of known principles of law. As illustrative of the application of this rule see collated cases under Section 494, page 255 of Branch's Annotated Penal Code. It is usually necessary to allege in the indictment all those matters necessary to be proved to bring an accused under the condemnation of the law he is charged with having violated. So far as the allegation in the first count of the information is concerned appellant may have had one hog running in a hundred acre pasture. As asserted by appellant the raising of hogs is no offense per se; if so, practically every farmer in Texas is violating the law. There should be some allegation in the first count setting out the manner in which appellant was conducting his trade and business which rendered it injurious to the health of his neighbors. (See Ex parte Robinson, 30 Texas Crim. App., 493, 17 S. W. Rep., 1057). The second count gives appellant no information as to what substance he permitted

to remain on his premises which is injurious to those residing in the vicinity.

The information does not comply with the requirements of Article 452 and 453 of the Code of Criminal Procedure nor with the well known rules of law relative to the certainty required in criminal pleading and the judgment must be reversed and the prosecution ordered dismissed.

*Dismissed.*