**Albert PITTMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54289.**

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

On May 25, 1976, a jury convicted appellant for theft of a Dodge Truck Tractor and Float Trailer of the value or more than $200.00 but less than $10,000.00, a third-degree felony. On the same date and upon appellant's election to have the court assess the punishment, punishment was assessed at imprisonment for three (3) years, the court further being of the opinion that the best interest of society and appellant would be served by granting probation. Notice of appeal was immediately given.

Although appellant was found guilty and his punishment was assessed on May 25, 1976, the court's written judgment was not signed and filed with the clerk of the trial court until May 27, 1976. The record does not show that notice of appeal was given after the written judgment was entered. Consequently, we have concluded that an appeal has not been properly perfected in this cause and dismiss the appeal.

Article 44.08(b), Vernon's Ann.C. C.P., provides, that, in probation cases

where imposition of sentence is suspended, notice of appeal shall be given or filed within ten days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict. No motions for new trial were filed in the instant case; consequently, to have been timely, notice of appeal should have been given or filed within ten days after the entry of the judgment.

■ In *Eastwood v. State*, 538 S.W.2d 107 (Tex.Cr.App.1976), we rejected the proposition that the time for filing motions for new trial or notice of appeal begins to run on the date the appellant learns of the disposition of his application for probation. There we held that the time for filing motions for new trial or, in the event no such motions are filed, for giving notice of appeal, does not begin to run until the trial court has entered a *judgment* granting or denying probation. Consequently, in the instant case, since no motions for new trial were filed, the ten-day period for giving or filing notice of appeal began to run from May 27, 1976. The absence of such notice of appeal within the ten-day period following that date deprives this Court of jurisdiction, and requires dismissal of the appeal. See and compare *Dullnig v. State*, 504 S.W.2d 495 (Tex.Cr.App.1974).

■ We further note that the judgment which was entered in the instant case, after assessing the punishment, contains the language: " . . . and the Court being of the opinion that the best interest of society and the defendant will be served by granting probation, an Order placing him on probation will be entered. . . . " However, the judgment does not contain a statement that appellant was granted probation or an order requiring that he be placed on probation. The judgment is the instrument which should indicate the granting of probation. *Eastwood v. State, supra.* Moreover, the judgment should state the period for which probation is granted, since the punishment assessed and the probationary period may differ. See Article 42.12, Sec. 3, Vernon's Ann.C.C.P. And, it is the better practice to incorporate in the judgment the terms and conditions of probation which the trial court imposes.

In view of what we have said above and to protect appellant's right to appellate review of his conviction, upon receipt by the clerk of the trial court of our mandate of dismissal, the trial court should set aside its May 27, 1976, judgment. A new judgment should then be signed and entered in the presence of appellant and his attorney, which in addition to the statements found in the May 27th judgment should also include the period of probation and the terms and conditions thereof. If appellant still desires to appeal this conviction, he may then do so by the giving or filing of notice of appeal within a ten-day period after the entry of such judgment.

The appeal is dismissed.