Paul M. HAECKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 54721.

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 18, 1978.

Bradshaw & Cass, Pasadena, for appellant.

Carol S. Vance, Dist. Atty., Spencer H. Gardner and Kay Burkhalter, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

Appellant was convicted by a jury of cruelty to animals under V.T.C.A. Penal Code, Sec. 42.11(a)(1). The court assessed punishment at 60 days' confinement in the Harris County jail. On appeal, appellant

complains that the information was insufficient and that the State was permitted to make improper jury argument.

█ The information alleges that appellant "did then and there unlawfully, intentionally, and knowingly torture an animal, namely, a dog." Appellant timely filed a motion to quash the information claiming that the information provided inadequate notice and was insufficient to bar a subsequent prosecution for the same offense. The court overruled the motion to quash.

Since we base our decision on the sufficiency of the information, a discussion of the facts is omitted as unnecessary.

Appellant's first ground of error complains that the information failed to apprise him of the charge against him with such particularity as to enable him to prepare his defense. This contention was timely raised and therefore fundamental constitutional protections of adequate notice and due process are involved. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977). These fundamental protections require a careful examination and consideration of the contentions from the perspective of the accused. *Drumm,* supra.

█ In an examination of appellant's contention, we are reminded that the requirements of specificity are applicable to informations, as well as indictments. Art. 21.23, V.A.C.C.P. Therefore, an information must allege facts sufficient to give the accused notice of the particular offense with which he is charged. Art. 21.11, V.A. C.C.P. It is not sufficient to say that the accused knew with what offense he was charged; rather, we must inquire as to whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to

prepare his defense. *Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976).

The State argues that the legislative definition of torture in V.A.C.S., Art. 180 makes unnecessary the inclusion of a definition of torture in the information. *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr.App.1976). This argument misses the mark, as we are concerned not with the definition of torture, but rather, with the sufficiency of an information using the general term "torture" as its only description of a criminal act. Does such an information adequately notify the accused of the crime charged?[1]

█ In many cases, an information will be considered sufficient if it follows the language of the statute. However, this rule applies only where the information is framed under a statute which defines the act constituting the offense in a manner that will inform the accused of the nature of the charge. In other words, if the language of the statute is itself completely descriptive of the offense, an information is sufficient if it follows the statutory language. *Lopez v. State,* 494 S.W.2d 560 (Tex.Cr.App.1973); *Bush v. State,* 97 Tex. Cr.R. 219, 260 S.W. 574 (1923). By the same test, if the language of the statute is not completely descriptive, then merely tracking the statutory language would be insufficient. As was pointed out in *Conklin v. State,* 144 Tex.Cr.R. 343, 162 S.W.2d 973 (1942), "It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the Legislature or from the application of known principles of law." In the present case, the appellant was charged by an information that tracked the language of V.T.C.A. Penal Code, Sec. 42.11. We must determine if the language of Sec. 42.11 is completely descriptive of the offense or whether greater particularity is required.

---

1. The State argues that the information is sufficient because it follows the suggested forms in two "form books." We note with interest the suggested form in the eighth edition of Morrison and Blackwell's *Texas Practice, Criminal Forms Annotated,* Sec. 18.14:

"did then and there intentionally and knowingly commit the following acts: to wit— [specify]—on an animal to wit:—[identify] —. . . ."

While we find no decisions on this particular issue under Sec. 42.11, a similar contention was decided by this Court under Art. 1374, V.A.P.C., 1925. *Barnett v. State,* 117 Tex.Cr.R. 358, 35 S.W.2d 441 (1931). The defendant in *Barnett* was charged by information with "torturing a mule by shooting same." In deciding that the information was sufficient, this Court pointed to the legislative intent behind the statute and held, "the obvious intent of the legislature was that upon an allegation of torturing such animal and a setting out of what was done, the offense would be satisfactorily alleged."

The State attempts to distinguish *Barnett* by pointing out that *Barnett* was decided under the former Penal Code. The State contends that Art. 1374 contains a list of torturous acts following the word "torture" and therefore, the "by shooting" description in *Barnett* was needed to distinguish among the various statutory tortures. This is a distinction without difference. Even if we accept the State's argument on this point, the language "by shooting" still provided the accused notice of the specific type of act he would be required to defend. However, as we read Art. 1374, the list of acts following the word "torture" is not merely descriptive of torture but, rather, those acts are a continuing list of acts of cruelty, each one separate of the others. Further, shooting is not listed as an act following "torture" in Art. 1374, so the use of the phrase "by shooting" in *Barnett* was not to distinguish among other statutory offenses but, rather, was required by "the *obvious intent of the legislature.*"

We have compared Art. 1374 and Sec. 42.11 and find the differences, as to the act of torturing an animal, a matter of form. Such a charge in form has no impact on the requirements of an information under Sec. 42.11. Branch's Texas Ann.P.C., 3rd Ed., Sec. 42.11, Legislative Sources and Explanatory Comments at pg. 219. The information was insufficient to give appellant adequate notice and enable him to adequately prepare his defense. *Sassano v. State,* 163 Tex.Cr.R. 345, 291 S.W.2d 323 (1956).

The judgment is reversed and the cause remanded.