Lillion Dick **CRUISE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 57578.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

Rehearing En Banc Denied Oct. 24, 1979.

diately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property. . . ."

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler, C. Wayne Huff and Paul D. Macaluso, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appellant was convicted by a jury of the offense of robbery by causing bodily injury pursuant to V.T.C.A. Penal Code, Section 29.02(a)(1).[1] Appellant was sentenced to life confinement as an habitual offender.

Because we must sustain appellant's first ground of error, only the facts germane to it will be discussed coincidentally with its treatment.

Complaint is made of the trial court's failure to quash the indictment, of which the primary offense count reads:

[Appellant] . . . did unlawfully . . . while in the course of committing theft and with the intent to obtain and maintain control of the property of Margaret McGee, . . . the said property being a handgun, without the effective consent of the . . . complainant and with intent to deprive the . . . complainant of [the] property, did then and there knowingly and intentionally *cause bodily injury* to the . . . complainant.[2]

By timely written motion to quash the indictment, appellant apprised the trial court that, among other things, "it cannot be determined from the face of the indictment if the defendant is alleged to have caused bodily injury to the complainant by *striking* her with his fists, or *kicking* her with his feet, or *shooting* her with a gun, or *stabbing* her with a knife, or *running* into her with a motor vehicle, or by any means. With regard to *how* the defendant caused bodily injury to the complainant, the indictment is silent." This complaint, having been properly asserted, calls into question the adequacy of the constitutional requisite *of notice to the accused* and therefore, requires our consideration of it from his perspective. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977).

We believe it unnecessary in our inquiry to go beyond the prescription of Art. 21.03, V.A.C.C.P., that "everything should be stated in an indictment which is necessary to be proved." We fail to see in what manner the State might hope to prove to the jury beyond a reasonable doubt that appellant caused bodily injury to the complainant, without adducing facts that described the way in which he did so. This being the case, the trial court committed reversible error in refusing to order the State to disclose such facts when confronted with appellant's motion to quash the indictment for the reasons stated. Art. 21.03, supra; *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978). Cf. *Boney v. State,* 572 S.W.2d 529 (Tex.Cr.App.1978) and *Pollard v. State,* 567 S.W.2d 11 (Tex.Cr.App.1978). The record before us provides most persuasive support for our conclusion, as it reflects the following: The complainant, an off-duty Dallas police woman, testified that as she was getting into her car she noticed appellant approaching her rapidly. Before she could lock the door, he began pulling on it.

---

1. Section 29.02(a)(1) provides:

   A person commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he:

   (1) intentionally, knowingly, or recklessly *causes bodily injury* to another; . . . .

2. All emphasis is supplied throughout by the writer unless indicated otherwise.

Officer McGee began screaming and honking her car horn while she struggled to close the door. Appellant finally got the door open and according to McGee, ". . . he struck me to the left side of the head with his fist." The prosecutor inquired:

Q: How many times?

A: Twice.

    *    *    *    *    *    *

Q: Was it a hard blow or soft blow?

A: Hard blow.

Q: Did it cause you physical pain?

A: Yes.[3]

Appellant told complainant to move over to the passenger seat, which she did, and he entered the car. Appellant then demanded that McGee give him the keys, and she told him she did not know where they were.[4] Both parties then looked at McGee's purse which was sitting on the console and reached for it. Appellant grabbed it, struck her with it and her loaded .38 caliber revolver fell out. Appellant and McGee again struggled over the gun; appellant finally got control of it and began threatening McGee that he would kill her if she failed to produce the keys, explaining that "he had been wounded and . . . needed to get out of town. He said he was a panther and he needed the car, some money for gas and he wanted [McGee] to go with him until he got out of the county. . . ." On being asked whether "besides the pain in your head, was there any other physical pain?," McGee responded, "There were marks associated with the struggle [over the gun]. I had cuts on both hands."

McGee ultimately broke away and ran to a passing police car. Appellant was immediately apprehended.

█ It is clear that it was necessary for the State to prove the manner in which appellant caused bodily injury to complainant, in order to meet its burden of proof. While allegation of the manner and means

of causing bodily injury under Section 29.-02(a)(1) is not a fundamental requisite of charging the offense for purposes of invoking the district court's jurisdiction, [compare *Posey v. State*, 545 S.W.2d 162 (Tex. Cr.App.1977)], appellant's motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. Article 27.09, V.A.C.C.P.; *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974).

For the trial court's error in this respect, the judgment of conviction is reversed, and the cause is remanded.

---

3. " 'Bodily injury' means *physical pain*, illness, or any impairment of physical condition." V.T. C.A., Penal Code, Section 1.07(7).

4. The keys were in fact in the passenger seat with complainant sitting on them.