Michael J. ELLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 60425.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 25, 1981.

Rehearing Denied April 22, 1981.

Andrew B. Logan, San Antonio, for appellant.

Bill M. White, Dist. Atty., E. Dickinson Ryman, David A. Berchelmann and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at confinement for ninety–nine years in the Texas Department of Corrections.

Appellant contends that the trial court erred in overruling his motion to quash the indictment "wherein [he] complained of the failure of the indictment to allege the means that the appellant used in causing serious bodily injury." The pertinent parts of the indictment alleged that appellant:

"... did then and there intentionally and knowingly cause serious bodily injury to JOHNNY BARNES, hereinafter called complainant, while the said defendant was in the course of committing theft of property, namely: ONE (1) PICKUP TRUCK, from said complainant, the owner of said property, without the effective consent of the said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property: ..."

We must sustain appellant's contention. While the allegation of manner and means of causing serious bodily injury under Sec. 29.03(a)(1) is not a *fundamental* requisite of charging an offense against the State, the *motion to quash* should have been sustained. Appellant was entitled to the

allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. See *Cruise v. State*, 587 S.W.2d 403, 405. Art. 27.09, V.A.C.C.P.

 Appellant also challenges the sufficiency of the evidence to sustain his conviction. In this ground of error he attacks the identification of the complaining witness. He is concerned with the length of time in which complainant viewed him, the lighting conditions, and the amount of alcohol in the complainant's system at the time of the offense. Suffice it to say that the complainant did identify appellant as the perpetrator of the instant offense to the satisfaction of the jury. The matters discussed in this ground go to the weight and not the admissibility of the identification. There was sufficient evidence to sustain the conviction.

Therefore, for the trial error discussed above, the judgment is reversed and the indictment dismissed. See *Brasfield v. State*, 600 S.W.2d 288, 302 (Tex.Cr.App.) (opinion on rehearing).