**Fred Lamar MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 679–82.**

Court of Criminal Appeals of Texas, en banc.

Feb. 16, 1983.

---

George R. Milner, Dallas, Bill Magnussen, Fort Worth, Gary A. Udashen, Dallas, for appellant.

Henry Wade, Dist. Atty. and Kathi Alyce Drew, Steve Miller & Bill Arnold, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

After the jury found appellant guilty of the offense of criminal mischief (where damage to property was alleged to amount to more than $200.00 and less than $10,-000.00), the court assessed the punishment at three years. The conviction was affirmed in an unpublished opinion by the Court of Appeals for the Fifth Supreme Judicial District (Dallas). We granted appellant's petition for discretionary review in order to examine the Court of Appeals' holding that the trial court was not in error in refusing to grant appellant's timely motion to quash for failure of the indictment to specify by what manner or means the appellant did "damage and destroy" the property in question.

The indictment alleges in pertinent part that on the occasion in question appellant, did then and there unlawfully:

"then and there knowingly and intentionally damage and destroy tangible property, namely: an automobile, without the effective consent of Robert Phelps, the owner; the said damage and destruction amounting to a pecuniary loss of at least $200.00 but less than $10,000.00."

*Cruise v. State,* 587 S.W.2d 403 appears to be an analogous case. In *Cruise* the de-

fendant was charged with aggravated robbery by using a deadly weapon in which it was alleged in the indictment that the defendant with the intent to deprive the complainant of the property "did then and there knowingly and intentionally cause bodily injury to the complainant." The trial court overruled a timely filed motion to quash in which complaint was made of the failure of the indictment to allege the manner and means whereby the defendant caused bodily injury to the complainant. In reversing this Court held that while it was not a fundamental requisite of charging the offense for purposes of invoking the district court's jurisdiction, defendant's motion to quash "entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged." Similarly, in *Haecker v. State,* 571 S.W.2d 920, this Court found that an information charging cruelty to animals was subject to a motion to quash for failing to specify the manner and means whereby the defendant tortured the animal. See *Jeffers v. State,* 646 S.W.2d 185 (1981) (Motion for Rehearing overruled 2–2–83); *Drumm v. State,* 560 S.W.2d 944; *Ellis v. State,* 613 S.W.2d 741 (aggravated robbery indictment subject to motion to quash like *Cruise v. State,* supra).

In the instant case the indictment failed to specify the manner and means by which the appellant damaged and destroyed the property. Appellant's motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. We conclude that the trial court erred in overruling appellant's motion to quash.

The judgment of the Court of Appeals is reversed and the indictment is ordered dismissed.