Robert Joe CASTILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 014–84.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 24, 1984.

On Rehearing April 3, 1985.

David R. Weiner (court appointed), San Antonio, for appellant.

Bill M. White, Former Dist. Atty., and Sam D. Millsap, Jr., Dist. Atty., Charles Estee, Richard H. Fox, Monica Donahue and Miguel Martinez, Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of arson. The Court of Appeals reversed the conviction upon finding the trial court erroneously overruled appellant's motion to quash. *Castillo v. State* (Court of Appeals-San An-

tonio). The State brought petition for review by this Court on two issues: (1) whether the Court of Appeals correctly decided the ground of error, and (2) whether the Court of Appeals had jurisdiction of the case. Review was granted on both issues.

We first address the jurisdictional issue. The State argues the Court of Appeals lacked jurisdiction because the notice of appeal was late. The record reflects that appellant was sentenced on August 20, 1981. At that time Art. 44.08, V.A.C.C.P., required notice of appeal be given within 10 days of sentencing. The record reflects that appellant was so informed in open court at the time of sentencing and that he informed the court, through counsel, that he did not want to appeal. The record before this Court does not reflect that notice of appeal was ever given. The State's brief recites that the record reflects oral notice of appeal was given on September 4, 1981, but the record does not contain the page referred to by the State. Appellant apparently agrees that notice of appeal was late, because he argues the Court of Appeals impliedly found good cause for late notice of appeal.

We will address appellant's argument of good cause in a moment, but we first find there was no timely notice of appeal, first because the record reflects no notice of appeal whatsoever, and alternatively, assuming arguendo that notice of appeal was given on September 4, such notice of appeal would have been 15 days after sentencing, five days after expiration of the time allowed for notice of appeal in effect at the time of sentencing and at the time of expiration of the permitted period for giving notice of appeal.

Appellant argues the Court of Appeals found good cause for late notice of appeal under Art. 44.08(e), V.A.C.C.P. That provision, however, became effective September 1, 1981, which was after the time for giving notice of appeal in this case had expired. Specifically, Art. 44.08(e), provides:

"For good cause shown, the court of appeals may permit the giving of notice

of appeal after the expiration of such 15 days."

This amendment was part of the act giving criminal appellate jurisdiction to the courts of appeals. Acts 1981, 67th Leg., ch. 291. Also, as part of that amendment, the time for giving notice of appeal was extended to 15 days, measured from sentencing or overruling of motion for new trial. Art. 44.08(b) and (c), supra. The amendment did not revive a right to appeal that had already expired. To hold otherwise would mean the courts of appeals would have the authority at this date to find good cause for late notice of appeal in any final conviction no matter how long ago the conviction became final. We do not believe the legislature intended such a result. We hold the authority granted by Art. 44.08(e), supra, may be exercised only in those cases in which "the expiration of such 15 days," as referred to in the statute, was an event occurring on or after the effective date of the act, i.e., September 1, 1981. See *Barnes v. State,* 644 S.W.2d 1 (Tex.Cr.App.1982); *McCarty v. State,* 557 S.W.2d 295 (Tex.Cr.App.1977); *Ex parte Young,* 517 S.W.2d 288 (Tex.Cr.App.1974). Accordingly, the Court of Appeals was without authority to act under Art. 44.08(e) in this case and we will not presume that it did so. Appellant's argument is without merit.

Timely notice of appeal is jurisdictional. E.g., *Pittman v. State,* 546 S.W.2d 623 (Tex.Cr.App.1977); *McIntosh v. State,* 534 S.W.2d 143 (Tex.Cr.App.1976); *Newton v. State,* 482 S.W.2d 215 (Tex.Cr.App.1972). The record does not reflect timely notice of appeal. The appeal therefore must be dismissed.

The judgment of the Court of Appeals is reversed and the cause remanded with directions to dismiss the appeal.

### OPINION ON REHEARING

ONION, Presiding Judge.

Appellant's plea of guilty before the court to the second count of the indictment charging arson resulted in conviction. Punishment, in light of allegation and proof of a prior felony conviction and a plea bargain, was assessed by the court at 20 years' imprisonment.

On appeal the appellant urged the "trial court erred in overruling appellant's motion to quash the indictment on the failure to allege the manner and means by which the offense was committed." The San Antonio Court of Appeals concluded it had jurisdiction of the appeal of the ruling on the pre-trial motion to quash under the 1977 amendment to Article 44.02, V.A.C.C.P. A panel of the court reversed the conviction, finding the trial court erred in overruling the motion to quash as the indictment failed to give adequate notice of charges against the appellant by not stating the manner in which the alleged fire had been set. The panel wrote:

"We also note that the term 'starting a fire' is nowhere defined in the Texas Penal Code. The omission from the indictment in the instant case of the facts by which the prosecution would establish arson renders the instrument subject to a timely motion to quash. We therefore reverse the trial court and order the prosecution dismissed."

The court en banc entertained State's motion for rehearing and overruled the same without written opinion. Associate Justice Cantu dissented with written opinion, arguing the manner and means by which the fire started was essentially evidentiary in nature and need not be pleaded in the indictment. Chief Justice Cadena and Justice Dial joined in the dissent. See *Castillo v. State* (Tex.App. [4th Dist.] 1983, No. 4–81–00261–CR).

We granted the State's petition for discretionary review to determine (1) whether the Court of Appeals correctly decided appellant's sole ground of error and (2) whether the Court of Appeals had jurisdiction by virtue of a notice of appeal.

On original submission this Court found timely notice of appeal had not been given, that such timely notice was jurisdictional and the appeal had to be dismissed. The

judgment of the Court of Appeals was reversed.

■ On the Court's own motion for rehearing we have concluded, although not without difficulty, that belated notice of appeal for good cause was implicitly approved by the Court of Appeals. See Article 44.08(e), V.A.C.C.P.[1] We now consider that court's holding the trial court erred in overruling the motion to quash the indictment.

Appellant was charged under V.T.C.A., Penal Code, § 28.02, as amended in 1979 (Acts 1979, 66th Leg., p. 1216, ch. 588, § 2, eff. Sept. 1, 1979).

Said § 28.02 reads in pertinent part:

"(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage any building, habitation, or vehicle:

"(1) knowing that it is within the limits of an incorporated city or town;

"(2) * * *

"(3) * * *

"(4) knowing that it is located on property belonging to another;

"(5) * * *

"(6) * * *

"(b) It is a defense to prosecution under Subsection (a)(1) of this section that prior to starting the fire or causing the explosion, the actor obtained a permit or other written authorization granted in accordance with a city ordinance, if any, regulating fires and explosions."

Omitting the formal parts, the indictment alleged in the first count that

"on or about the 3rd day of January, A.D., 1981, Robert Joe Castillo did then and there knowingly start a fire with intent to destroy or damage a habitation knowing that it was located on property belonging to another, namely: Alicia Mae Rodriquez; ...."

The second count alleged in part:

"that on or about the 3rd day of January ... Robert Joe Castillo did then and there knowingly start a fire with intent

to destroy or damage a habitation knowing that it was within the City of San Antonio, Bexar County, Texas; ...."

The third paragraph (not a count) alleged a prior 1973 murder conviction for enhancement of punishment.

Appellant filed a pre-trial motion to quash the indictment alleging, inter alia,

"IV

"Because the same fails to set out or inform the Defendant how, in what manner and means and ways the alleged offense was committed in sufficient detail in order that he may prepare a defense or defend himself or enter a plea and hence, the same violates the due process provisions of the United States and Texas Constitution and Bill of Rights, the Texas Penal Code and Code of Criminal Procedure.

" * * *

"VII

"Because the same fails to show or allege how the allege (sic) offense was committed and hence, deprives the defendant of proper notice."

The motion did not further elaborate on its contentions.

Over two months later the court entertained all pre-trial motions. The motion to quash was summarily overruled. The appellant offered no argument nor cited any authorities.

Thereafter a plea bargain was entered into by the parties. The State abandoned the first count of the indictment, and the appellant entered a guilty plea to the second count and a plea of "true" to the third paragraph alleging a prior felony conviction for enhancement of punishment.

During the admonishment the court inquired:

"Mr. Adams (Defense Counsel), are you satisfied that Mr. Castillo has a fac-

1. Our original opinion on State's petition for discretionary review is hereby withdrawn.

tual as well as a rational understanding of the charges against him?

"MR. ADAMS: Yes, Your Honor."

On appeal different counsel for the appellant (appointed by the trial court) urged the motion to quash had been improperly overruled. He relied upon the quoted paragraphs IV and VII in the motion to quash and narrowed the contention to the fact the indictment did not allege the manner and means of starting the fire relying upon *Cruise v. State*, 587 S.W.2d 403 (Tex.Cr. App.1979); *Jeffers v. State*, 646 S.W.2d 185 (Tex.Cr.App.1983), etc.

Article I, § 10 of the Texas Constitution, states:

"[In all criminal prosecutions the accused] shall have the right to demand the nature and cause of the accusation against him and to have a copy thereof."

The Legislature has also sought to provide guidance as to the adequacy of notice through the enactment of Chapter 21 of the Code of Criminal Procedure. Article 21.-02(7) provides:

"7. The offense must be set forth in plain and intelligible words."

Article 21.03, V.A.C.C.P., states:

"Everything should be stated in an indictment which is necessary to be proved."

Article 21.04, V.A.C.C.P., states:

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." See also Article 21.11, V.A.C.C.P.

■ Appellant's contentions were timely raised by motion to quash or set aside the indictment prior to trial, and therefore the fundamental constitutional protections of adequate notice and due process are involved. *McManus v. State*, 591 S.W.2d 505 (Tex.Cr.App.1979); *Jeffers v. State*, 646 S.W.2d 185 (Tex.Cr.App.1981). These protections require careful consideration from the perspective of the accused. *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App.1978); *Cruise v. State*, 587 S.W.2d 403, 404 (Tex.

Cr.App.1979); *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977).

■ When considering a motion to quash the indictment, it is not sufficient to say the defendant knew with what offense he was charged; rather, the question presented is whether the face of the indictment or charging instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Haecker v. State*, supra; *McManus v. State*, supra; *Jeffers v. State*, supra; *Marrs v. State*, 647 S.W.2d 286, 289 (Tex. Cr.App.1983); *Lewis v. State*, 659 S.W.2d 429, 431 (Tex.Cr.App.1983).

■ The State in the instant case alleged the offense in the second count of the indictment in the terms of the statute. Ordinarily, this is legally sufficient. *Burney v. State*, 347 S.W.2d 723 (Tex.Cr.App.1961); *Bass v. State*, 427 S.W.2d 624 (Tex.Cr.App. 1968); *Ames v. State*, 499 S.W.2d 110 (Tex. Cr.App.1973); *Johnson v. State*, 541 S.W.2d 619 (Tex.Cr.App.1976); *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App.1978); *Few v. State*, 588 S.W.2d 578 (Tex.Cr.App. 1979); *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1980); *Marrs v. State*, supra.

In *Haecker v. State*, supra, where an information rather than an indictment was involved, this Court stated:

"In many cases an information will be considered sufficient if it follows the language of the statute. However, this rule applies only where the information is framed under a statute which defines the act constituting the offense in a manner that will inform the accused of the nature of the charge. In other words, if the language of the statute is itself completely descriptive of the offense, and information is sufficient if it follows the statutory language. *Lopez v. State*, 494 S.W.2d 560 (Tex.Cr.App.1973); *Bush v. State*, 97 Tex.Cr.R. 219, 260 S.W. 574 (1923). By the same test, if the language of the statute is not completely descriptive then merely tracking the statutory language would be insufficient."

It has been said that facts or information not necessary to provide notice but rather essentially evidentiary need not be alleged in an indictment because the indictment need not plead the evidence relied upon by the State. *Phillips v. State,* 597 S.W.2d 929, 935 (Tex.Cr.App.1980).

In *Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Cr.App.1981) (Opinion on State's Motion for Rehearing), it was written:

"The general rule is that a motion to quash will be allowed if the facts sought are *essential* to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the State. *Smith v. State,* 502 S.W.2d 133 (Tex.Cr.App.1973); *Cameron v. State,* 401 S.W.2d 809 (Tex.Cr.App.1966). Moreover, when a term is defined in the statutes, it need not be further alleged in the indictment. *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974); *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981)."

In the instant case the term "start a fire" as used in the second count of the indictment is not statutorily defined. Thus we are not dealing with a situation as in *Thomas v. State,* supra, where the terms were statutorily defined and did not go to an act or omission of the accused and the court held the motion to quash was properly denied. Nor is the instant case like *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr. App.1980), where the indictment failed to allege which of the three statutory methods of delivery of heroin was relied upon and the court held the motion to quash the indictment was improperly overruled.[2] See also *Ellis v. State,* 613 S.W.2d 741 (Tex.Cr. App.1981). *Cf. Coleman v. State,* 643 S.W.2d 124 (Tex.Cr.App.1982); *McBrayer v. State,* 642 S.W.2d 504 (Tex.Cr.App.1982); and *Gorman v. State,* 634 S.W.2d 681 (Tex. Cr.App.1981), where in each theft case the court held it was error to overrule a motion to quash the indictment for failure to specify which of the statutorily defined types of

appropriation to which the accused resorted. And the instant case is not like *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr. App.1977), where it was held error for the trial court to have overruled the motion to quash. There the defendant was charged with driving his motor vehicle while his license was suspended under Article 687b, § 24, V.A.C.S. Section 24 provided for five different ways in which the license could have been suspended and by motion to quash the defendant sought a specific allegation as to which subsection of § 24 the State would rely on.

In *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978), the defendant was charged with "knowingly tortur[ing] ... a dog." In his motion to quash the information, the defendant contended that "torture" did not give adequate notice. Even though the term "torture" was statutorily defined in the civil statutes (Article 180, V.A.C.S.), this Court concluded that the language of the statute was not completely descriptive of the act constituting the offense so as to inform the defendant of the nature of the charge.

The instant case is more like *Cruise v. State,* 587 S.W.2d 403 (Tex.Cr.App.1979). There this Court held that the term "cause bodily injury" in a robbery indictment did not, upon a timely motion to quash, give precise notice of the offense with which Cruise was charged, noting that the term "cause bodily injury" not statutorily defined was susceptible to an almost endless list of possible meanings, and that it would have been impossible for the State to prove the element without also showing the manner in which it was done.

*Jeffers v. State,* 646 S.W.2d 185 (Tex.Cr. App.1981), involved convictions for gambling promotion. V.T.C.A., Penal Code, § 47.03(a)(2). There Jeffers by pre-trial motions to quash specifically urged the indictments failed to allege facts sufficient to give him notice of the manner and means

---

2. In *Queen v. State,* 662 S.W.2d 338 (Tex.Cr.App. 1983), it was held that the indictment alleging that the defendant delivered marihuana was sufficient to put the defendant on notice as to what type of delivery the State was relying upon, since it clearly alleged that the defendant delivered marihuana by utilizing both actual and constructive transfer.

whereby he *received* a bet and offer to bet, and thus did not apprise him of the charges with such particularity so as to enable him to prepare a defense.

In *Jeffers* this Court stated:

"The essence of each of the eight offenses, as alleged in the indictments, was appellant's act in receiving a bet and offer to bet by a named individual. The indictments fail to specify the manner by which appellant *received* the bets and offers to bet. Such items could have been received a number of ways including: in person, through a third party, over the telephone, at a drop or through the mail. We fail to see in what manner the State sought to prove beyond a reasonable doubt that appellant received bets and offers to bet by an individual, without adducing facts which described how the receipt took place. Appellant's motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. We conclude the trial court erred in overruling appellant's motion to quash. Under such circumstances the indictments will be dismissed. *Brasfield v. State*, Tex.Cr.App., 600 S.W.2d 288." (Emphasis supplied.)

 It is clear that it was necessary for the prosecution to prove the manner in which the appellant did "start a fire" in order to meet its burden of proof. While allegation of manner and means of "starting a fire" under V.T.C.A., Penal Code, § 28.02, is not a fundamental requisite of charging the offense for purposes of invoking the trial court's jurisdiction, appellant's motion to quash entitled him to the allegations of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. Arti-

cle 27.09, V.A.C.C.P.; *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex. Cr.App.1974); *Cruise v. State*, supra.

 The Court of Appeals was right. The trial court erred in overruling the motion to quash the indictment. Its judgment should be affirmed.

We make these further observations. The indictment simply alleged "habitation." It does not allege the ownership of the structure or vehicle constituting the habitation [3] nor its address or location other than generally within the city limits of San Antonio. While the indictment tracked the statute (V.T.C.A., Penal Code, § 28.02), it is difficult to see how such allegation put the appellant on notice so that he could prepare his defense, or to plead any conviction in bar of further prosecution for the same offense. Although appellant narrowed his contention on appeal, it appears that his motion to quash was broad enough to encompass this deficiency in the indictment.

Still further, the State now candidly admits in this Court that the indictment omitted the word "incorporated" in the second count upon which conviction was had. The second count alleged "knowing that it was within the City of San Antonio, Bexar County, Texas" in attempted compliance with the statutory language "knowing that it is within the limits of an *incorporated* city or town." (Emphasis supplied.) The State argues the trial court could take judicial notice of the fact San Antonio is an incorporated city. The question does not involve proof so much as necessary allegations in the indictment. In view of our disposition of this cause, we need not decide whether fundamental error is presented by this omission.

The judgment of the Court of Appeals is affirmed. The prosecution is ordered dismissed.

WHITE, J., not participating.

---

**3.** V.T.C.A., Penal Code, § 30.01 (Definitions), provides in part:

"In this chapter:

"(1) 'Habitation' means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:

"(A) each separately secured or occupied portion of the structure or vehicle; and

"(B) each structure appurtenant to or connected with the structure or vehicle...."