ACCEPTED
01-15-00737-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/30/2015 6:42:15 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00737-CR

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT
## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/30/2015 6:42:15 PM

CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| **RONALD PARKS** | § | **APPELLANT** |
| | § | |
| **VS.** | § | |
| | § | |
| **THE STATE OF TEXAS** | § | **APPELLEE** |

---

## APPELLANT'S BRIEF

---

## APPEAL IN CAUSE NO. 2009726
## IN COUNTY CRIMINAL COURT AT LAW NO. 1
## OF HARRIS COUNTY

**CLINT DAVIDSON**
**TEXAS BAR NO. 24053172**
**3303 MAIN ST., SUITE 305**
**HOUSTON, TEXAS 77002**
**PHONE: 713-226-7727**
**FAX: 713-528-4888**
**EMAIL: clintdavidsonlawyer@gmail.com**

**ATTORNEY FOR APPELLANT**

**APPELLANT REQUESTS ORAL ARGUMENT**

# IDENTIFICATION OF PARTIES

1.      Ronald Parks.............................................................................Appellant

        c/o Clint Davidson, Attorney at Law
        3303 Main St., Suite 305
        Houston, Texas 77002

2.      The State of Texas....................................................................Appellee

3.      The Honorable Paula Goodheart..........................................Trial Judge

        1201 Franklin St. 8th Floor
        Houston, Texas  77002

4.      Alan Curry, Chief Prosecutor, Appellate Division......Counsel for the State
        Ray Vasquez, Assistant District Attorney...........Trial Counsel for the State

        Harris County District Attorney's Office
        1201 Franklin St., 6th Floor
        Houston, Texas  77002

5.      Clint Davidson.............................Trial and Appellate Counsel for Appellant

        3303 Main St., Suite 305
        Houston, Texas  77002

# **TABLE OF CONTENTS**

Identification of Parties............................................................2

Table of Contents..................................................................3

Index of Authorities............................................................4-5

Statement of the Case..........................................................6

Statement Regarding Oral Argument.....................................6

Issues Presented..................................................................7

Statement of Facts............................................................7-8

Summary of the Argument....................................................8
.
Argument.........................................................................9-18

Prayer................................................................................18

Certificate of Compliance....................................................19

Certificate of Service..........................................................19

# INDEX OF AUTHORITIES

## CASES

Amaya v. State,
551 S.W.2d 385
(Tex. Crim. App. 1977) ...................................................................16,17

Carney v. State,
31 S.W.3d 392
(Tex. App.--Austin 2000, no pet.) …….................................................. 12

Castillo v. State,
689 S.W.2d 443
(Tex. Crim. App. 1984)...............................................................14,15,16

Cruise v. State,
587 S.W.2d 403
(Tex. Crim. App. 1979) ..............................................................14,15,16

Doyle v. State,
661 S.W.2d 726
(Tex. Crim. App. 1983) …….................................................... ....16

Haecker v. State,
571 S.W.2d 920
(Tex. Crim. App. 1978) ...................................................................14,16

Miller v. State,
647 S.W.2d 266
(Tex. Crim. App. 1977) .......................................................................16

Moreno v. State,
413 S.W. 3d 119
(Tex. App.--San Antonio, 2013, no pet.) ..................................................13

State v. Campbell,
113 S.W.3d 9
(Tex. App.--Tyler, 2000, pet. ref'd) ...................................................15.16

## STATUTES

TX PENAL CODE 38.15 .................................................9,10,12

TX CRIM PRO 21.03 ......................................................7

TX CRIM PRO 21.04................................................. 7

TX CRIM PRO 21.11 ....................................................7

TX CRIM PRO 21.15..............................................7,8,10,11,13

TX CRIM PRO 21.23................................................... 9

## CONSTITUTIONAL PROVISIONS

Article I, Section 9, Texas Constitution...................................................17

Amendment 5, U.S. Constitution.............................................................17

Amendment 14, U.S. Constitution...........................................................17

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

RONALD PARKS, Appellant, by and through his attorney, CLINT DAVIDSON, and in accordance with Rule 38 of the Texas Rules of Appellate Procedure, presents to the Court this Brief on behalf Appellant PARKS and shows this Court the following.

## STATEMENT OF THE CASE

This is an appeal from the denial of RONALD PARKS' Motion to Quash and Exception to the Substance of the Information. C.R. 43.  RONALD PARKS was charged by information with the offense of Interference with Public Duties. C.R. 6.  PARKS entered a plea of not guilty to the charge and the case then proceeded to a trial before a jury.  C.R. 44.  PARKS was found guilty and sentenced by the Court to 30 days confinement in the Harris County Jail.  C.R. 55-56.  A Notice of Appeal was timely filed.  C.R. 59.

## STATEMENT CONCERNING ORAL ARGUMENT

The issues and arguments presented in this brief are given a more developed and focused treatment than in PARKS' original Motion filed in the trial court and in the subsequent argument on the record.  The Appellant believes that an opportunity for oral argument would aid the Court in its analysis of these issues.

## ISSUES PRESENTED

Does an information purporting to charge the offense of interference with public duties that recites that the defendant failed to obey a lawful order without specifying that lawful order, or the manner and means of the defendant's failure to obey it, or how that interfered with a police officer, therefore fail to sufficiently charge an offense in accordance with Chapter 21 of the Texas Code of Criminal Procedure?  More specifically, does such a charging instrument:

1)  fail to properly plead an act in conjunction with the mental state of criminal negligence as required by Article 21.15?;

2)  lack the required certainty to enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense as required by Article. 21.04?;

3)  fail to state everything necessary to be proved as required by Article. 21.03?;

4)  fail to give the accused notice of the offense charged with sufficient certainty as required by Article. 21.11?;

5)  ultimately fail to charge an offense as a result of these issues and prejudice the substantial rights of the Defendant resulting in a denial of due process or due course of law?


## STATEMENT OF FACTS

RONALD PARKS timely filed a Motion to Quash and Exception to the Substance of the Information in this case. C.R. 35-42.  The State did not file a

7

written response.

Omitting the formal parts, the information alleged that: RONALD PARKS, on or about February 13, 2015, did then and there, unlawfully with criminal negligence, namely by FAILING TO OBEY A LAWFUL ORDER, interrupt, disrupt, impede and interfere with B.GAMBLE, a peace officer, while B. GAMBLE was performing a duty and exercising authority imposed and granted by law. C.R. 6.

The Motion was presented to the Court before the trial commenced and a hearing on the record was conducted. R.R. 4-9. The Court heard argument from the Defense and the State and entered an order denying the relief requested on August 11, 2015. C.R. 43. From this Order, PARKS now appeals.

### SUMMARY OF THE ARGUMENT

The argument is organized into three sections followed by a brief conclusion.

The first section discusses the statute and requirements under Article 21.15 of a charging instrument alleging the mental state of criminal negligence. A hypothetical charge that simply tracks the statute is presented to illustrate that this would not be sufficient.

The second section examines the information in the case and finds that it fails to allege an act of criminal negligence with the reasonable and sufficient

8

certainty the law requires of such a charging instrument.

The third section discusses the pleading of manner and means in more detail and looks at cases with charging instrument issues that parallel Parks' case where a motion to quash the charging instrument was litigated. The aim of this section is to illustrate that the information in this case lacks the necessary specificity in its allegation of the manner and means of committing the offense.

The conclusion contains a brief rhetorical flourish and urges that it would not be unreasonable to find that in light of its flaws, the information in this case fails to charge an offense.

ARGUMENT

At the outset it should be noted that Article 21.23 of the Code of Criminal Procedure provides that "The rules with respect to allegations in an indictment and certainty required apply also to an information." TX CRIM PRO Art. 21.23 (West, 2015).

Charging instrument and information are used interchangeably in the following argument. Where reference is made to charging instruments generally this is intended to include an information charging an offense.

_The Statute_

Section 38.15 of the Texas Penal Code "Interference with Public Duties", reads, in pertinent part:

9

A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law;
TX PENAL CODE 38.15 (a)(1). (West, 2015)

The statute tells us the culpable mental state for offense and the result. The statute does not define the manner and means of committing the offense or provide a more specific *actus reus*. Logically, the inference to be drawn is that there could be many criminally negligent acts or omissions that might interrupt, disrupt, impede or otherwise interfere with a peace officer. The legislature realized that a wide array of acts or omissions could interfere with the duties of a peace officer and did not attempt to anticipate all of them.

Furthermore because the culpable mental state in the statute is criminal negligence, it must be construed in *pari materia* with Article 21.15 of the Code of Criminal Procedure.

Article 21.15 states specific requisites for a charging instrument that alleges recklessness or criminal negligence. The charging instrument in this case does not fulfill them. Specifically, Article 21.15 requires the following:

...the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence. TX CRIM PRO Art. 21.15. (West, 2015)

Simply tracking the statute here would not be sufficient. If we were to compose a

10

charge that merely tracked the statute, it would read something like this:

> RONALD PARKS, on or about February 13, 2015, did then and there acting with criminal negligence, interrupt, disrupt, impede, or or otherwise interfere with B. GAMBLE, a peace officer, while he was performing a duty or exercising authority imposed or granted by law.

Missing from such a charging instrument is an act constituting criminal negligence as required by Article 21.15. In more general terms there is no manner and means of committing the offense alleged.

*The Information*

From the four corners of the charging instrument in this case, we cannot answer with any certainty the question "What did the Defendant do wrong?" He failed to obey a lawful order...to do what? Or to refrain from doing what? It is alleged that this interfered with Officer Gamble but we have no idea how or what the manner and means of said interference was. Alleging failure to obey a lawful order does not satisfy the requirement of Article 21.15 or allege the necessary manner and means of committing the offense in question.

The reason for this is that failing to obey a lawful order is not an act in itself, but a description or category of other conduct, of a more specific act or omission. For example if Parks was lawfully ordered to remain on the sidewalk and then crossed the street that is an act that could fairly be described as failing to obey a lawful order. In the alternative, if Parks remained on the sidewalk after

11

being lawfully ordered to move along or move across the street, that is an omission that could as well be fairly described as failing to obey a lawful order.

"Lawful order" is undefined in the statute or elsewhere in the Penal Code. It is axiomatic that we cannot determine if the order given was actually lawful or not without knowing what that order was. Even if we restate the language of the charging instrument in other words, we are still left with a disjunction that is not particular or specific. Parks did not do what the officer told him to do or Parks did something the officer told him not to do. We still do not know what the officer told Parks or what Parks did or did not do.

Furthermore, it is an affirmative defense to prosecution under 38.15 (d) if the conduct of the accused consisted of speech only. TX PENAL CODE 38.15 (d) Parks has know way of knowing if that defense is available to him without knowing the order given, the context, or the act or omission that comprised the alleged misconduct. *See* **Carney v. State**, 31 S.W.3d 392, 398 (Tex. App.-- Austin 2000, no pet.), *discussing the statute's history and finding that the defense could be asserted even if the officers were "stalled" and became annoyed*.

### Manner and Means

Having established that the allegation "failure to obey a lawful order," lacks the certainty required of a charging instrument as well as the allegation of a

12

criminally negligent act as required by Article 21.15, we now move to the question of manner and means.

The phrase "manner or means" describes how the defendant committed the specific criminal act, which is the actus reus.  **Moreno v. State**, 413 S.W. 119 at 125 (Tex. App.--San Antonio, 2013, no pet. h.)  This goes to the heart of the ambiguity in the charging instrument in this case. What here is the specific criminal act?

From the perspective of the of the charging instrument, if failure to obey a lawful order is the criminally negligent act, what then is the manner and means of interference?  How did Parks failure to obey a lawful order interfere with Officer Gamble?

If on the other hand, what the information intends to convey is that interfering with a police officer is a criminally negligent act and the manner and means was the failure to obey a lawful order, this does not cure the ambiguity in the charging instrument.

From the perspective of the Defendant, this is a critical ambiguity.

As previously pointed out, the order given is not stated in the information and neither "lawful order" nor "failure to obey a lawful order" are defined by the statute or the Penal Code, generally.  Logically there are a multitude of lawful orders that could be given by a peace officer as well as an equal variety of ways

13

in which those orders might be disobeyed.

As the Court of Criminal Appeals observed in **Castillo v. State**:

"In many cases an information will be considered sufficient if it follows the language of the statute. However, this rule applies only where the information is framed under a statute which defines the act constituting the offense in a manner that will inform the accused of the nature of the charge. In other words, if the language of the statute is itself completely descriptive of the offense, and information is sufficient if it follows the statutory language. By the same test, if the language of the statute is not completely descriptive then merely tracking the statutory language would be insufficient. **Castillo v. State**, 689 S.W.2d 443 at (Tex. Crim. App. 1984)

As previously pointed out, a charging instrument that simply tracked the statute in Park's case would still be inadequate. **Castillo** was an arson case where the indictment failed to allege the manner and means used to start the fire. The trial court overruled Castillo's motion to quash the indictment and the Court of Appeals reversed the trial court. The State filed a Petition for Discretionary Review. The Court of Criminal Appeals stated in its opinion:

"When considering a motion to quash the indictment, it is not sufficient to say the defendant knew with what offense he was charged; rather, the question presented is whether the face of the indictment or charging instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense." **Castillo** at 447 citing *Haecker v. State* 571 S.W.2d 920 (Tex. Crim App. 1978).

The Court affirmed the judgment of the Court of Appeals and ordered the prosecution dismissed. In its detailed analysis in the opinion, the Court found the case similar to **Cruise v. State**.

14

"The instant case is more like ***Cruise v. State***, 587 S.W.2d 403 (Tex.Crim.App. 1979). There this Court held that the term "cause bodily injury" in a robbery indictment did not, upon a timely motion to quash, give precise notice of the offense with which Cruise was charged, noting that the term "cause bodily injury" not statutorily defined was susceptible to an almost endless list of possible meanings, and that it would have been impossible for the State to prove the element without also showing the manner in which it was done. "***Castillo*** at 448

The particular issue of a deficiency in pleading the manner and means of committing an offense has been addressed in a number of opinions. ***Cruise v. State***, is a frequently cited opinion that contains a fairly thorough discussion of the case law at that time. ***Cruise v.*** **State,** *supra*

A more recent opinion that reviews cases addressing the issue is ***State v***. ***Campbell***, 113 S.W.3d 9 (Tex--App Tyler 2000, pet. ref'd). ***Campbell*** is a case where the defendant filed a motion to quash an indictment that purported to charge the offense of abuse of official capacity and the manner and means alleged was failing to report to work on three specific days. The trial court had granted the motion and the State then appealed. In the trial court, the defense had argued that the indictment lacked specificity as to how the defendant benefited from his absence or had harmed or defrauded another. The defense further argued that the indictment failed to charge an offense. The Court of Appeals affirmed the trial court. The Court observed that:

"To presume that an accused is guilty, and therefore knows the details of his offense and can prepare his defense despite a vague indictment, is

15

contrary to all proper principles of justice." ***Campbell*** at 12

Of note is the fact that Campbell originated in the 228th District Court in Harris County but was nonetheless heard by the Court of Appeals in Tyler. The Court in ***Campbell*** cited a number of examples in its opinion of similar cases where a motion to quash a charging instrument had either been affirmed or denial by the trial court had been reversed.

> "The defendant, upon timely exception, may be entitled to a specific allegation of the manner or means utilized in commission of the offense in order to bar subsequent prosecution for the same offense and give him precise notice of the offense with which he was charged."
>
> ***Castillo v. State***, 689 S.W.2d 443, 449 (Tex.Cr. App.1985) (failure to allege the manner and means used to start a fire in an arson case);
>
> ***Doyle v. State***, 661 S.W.2d 726, 730 (Tex.Cr.App.1984) (failure to allege the manner and means used to communicate the threat in a retaliation case);
>
> ***Miller v. State***, 647 S.W.2d 266, 267 (Tex.Cr.App. 1983) (failure to more specifically allege "damage and destroy" in criminal mischief case);
>
> ***Cruise v. State***, 587 S.W.2d 403, 405 (Tex.Cr.App.1979) (failure to allege manner and means of causing bodily injury in an aggravated robbery);
>
> ***Haecker v. State***, 571 S.W.2d 920 (Tex.Cr.App.1978) (failure to allege more specifically the manner and means of "torture" in cruelty to animals allegation).
> ***Campbell***, 12-13.

Cited later in the Campbell opinion is ***Amaya v. State,*** 551 S.W.2d 385 (Tex. Crim. App. 1977).  The deficiency in the charging instrument in ***Amaya*** merits consideration for its similarity to Parks' case.  Amaya was indicted for

16

welfare fraud. The indictment alleged that the defendant obtained welfare assistance by means of a "willfully false statement" but failed to allege what that particular statement was. Amaya filed a written exception to the indictment in the trial court, complaining that the charging instrument did not specify the false statement that was allegedly made. On appeal, Amaya contended that the trial court erred in overruling her exception.

The Court reversed and ordered the information dismissed, finding that Amaya was entitled to know the specific statement the State was accusing her of making and would seek to prove at trial of the offense. *Amaya* at 387

<u>Conclusion</u>

It would be difficult to imagine a more wickedly totalitarian and Kafkaesque charging instrument than one that merely alleges that the accused interfered with a police officer by failing to obey lawful order and nothing more. The accused could be tried for disobeying one lawful order this week and then next week tried for disobeying some other lawful order.

There is no doubt that such a charging instrument violates the fundamental constitutional protections of both Article I, Section 9 of the Texas Constitution, and the the and 5th and 14th Amendments of the United States Constitution.

As well, there is little doubt that such charging instrument fails to comply

with the applicable provisions of Chapter 21 of the Code of Criminal Procedure; that it fails to enable the accused to plead the judgment given on it in bar of any prosecution for the same offense; that it fails to state everything necessary to be proved; that it lacks the certainty required to give the accused notice of the charge they must defend against at trial.

Given the egregious defects in the charging instrument, rather than search in vain to find a coherent offense charged within it, the more sensible view would be to conclude that it fails to charge an offense at all.

PRAYER

WHEREFORE PREMISES CONSIDERED,

Appellant RONALD PARKS prays that this honorable Court reverse the Trial Court's order denying his Motion to Quash the Information in this case and order the Information dismissed and the Appellant discharged.

Respectfully submitted,

*/s/  Clint Davidson*
Clint Davidson
TBN: 24053172
3303 Main St., Suite 305
Houston, Texas  77002
Phone: 713-226-7727
clintdavidsonlawyer@gmail.com
Attorney for RONALD PARKS

## CERTIFICATE OF COMPLIANCE

This is to certify that Appellant's Brief was computer generated and contains 3,507 words in accordance with TX R. App. 9.4(i)(1).

*/s/ Clint Davidson*
Clint Davidson

## CERTIFICATE OF SERVICE

This to certify that a true and correct copy of Appellant's Brief was served on the Office of the District Attorney for Harris County on December 30, 2015 by electronic mail to curry_alan@dao.hctx.net.

*/s/ Clint Davidson*
Clint Davidson