Affirmed and Opinion filed February 6, 2003









Affirmed
and Opinion filed February 6, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-00-01186-CR

____________

 

HERSHEL WEST BUTLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 806,457

 



 

O P I N I O N

Appellant, Hershel West Butler, was charged by indictment
with bribery of a public servant; he entered a plea of not guilty.  A jury convicted appellant and sentenced him
to 10 years= imprisonment and a $10,000
fine.  The jury recommended probation;
thus, appellant was placed under the terms and conditions of community
supervision for a term of 10 years.  On
appeal, appellant contends (1) the evidence is legally and factually insufficient
to support his conviction; (2) Chapter 773 of the Texas Health and Safety Code
violates the Texas Constitution and the United States Constitution; and (3) the
trial court erred in denying appellant=s motion to quash.  We affirm. 









Appellant owned a personnel company that provided “services”
to clients involved in motor vehicle accidents. 
Those services included “helping” the accident victims find a lawyer or
chiropractor.[1]  Advertisements were targeted and sent only to
black or Hispanic persons who had recently been involved in a traffic
accident.  Appellant acquired the names
of these potential clients from Sandra Holcomb, a data-entry operator employed
by the Houston Fire Department (“HFD”).

As a data-entry operator, Holcomb was contacted by ambulance
attendants each time they answered an emergency call for assistance.  The attendants gave Holcomb accident victims= personal information, such as the type
of accident involved, the patients= care and treatment, their names and
addresses, and their billing information, which she entered into a
database.  Appellant paid Holcomb $300
every two weeks to receive this information on a daily basis.  Holcomb delivered this information via a fax
or hand delivery.   

On one occasion, however, Holcomb inadvertently faxed patient
information intended for appellant to the wrong fax number.  The person receiving the fax notified HFD,
and the fire department immediately commenced an internal investigation.  A review of HFD=s computer records revealed that
Holcomb had regularly accessed confidential patient information, apparently
with no legitimate reason to do so. 
Investigators arrested Holcomb and she agreed to cooperate with their
investigation.  On June 7, 1997, while
under police surveillance, Holcomb met appellant at a McDonald=s restaurant where they frequently
exchanged information.  Holcomb gave
appellant confidential patient information and in return appellant paid her
$300 cash.  Because Section 773.091(b) of
the Texas Health and Safety Code makes all records created by emergency medical
services regarding the identity, evaluation, or treatment of a patient
confidential and privileged,  police
arrested appellant for bribery on the theory that he paid Holcomb to violate
her duties as a public servant.  Tex. Health & Safety Code Ann. ' 773.091(b) (Vernon Supp. 2003).  








Legal and Factual Sufficiency

In his first, second, and third issues, appellant argues the
evidence is insufficient to support his conviction.  Appellant contends the evidence is legally
insufficient because (1) the State failed to prove the accident victims= lack of consent and (2) appellant=s business fits within an exception
to Section 773.091 of the Texas Health and Safety Code.  Appellant also argues the evidence is
factually insufficient to support his conviction because he did not realize
that Holcomb was violating her duty as a public servant.

In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 n. 12 (1979); Garrett v. State, 851 S.W.2d
853, 857 (Tex. Crim. App. 1993).  We will
not overturn the verdict unless it is irrational or unsupported by proof beyond
a reasonable doubt.  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, “is the sole judge of the credibility of
witnesses and of the strength of the evidence.” 
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999).  The jury may believe or
disbelieve any portion of the testimony of the witnesses. Sharp. v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
Therefore, if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt, the evidence is legally
sufficient to sustain the conviction.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  








A person commits bribery, “if he intentionally and knowingly
offers, confers, or agrees to confer on another, or solicits, accepts, or
agrees to accept from another . . . any benefit as consideration for a
violation of a duty imposed by law on a public servant . . .”  Tex.
Pen. Code Ann. ' 36.02(a)(3) (Vernon 1994). 
Under Section 773.091(b) of the Texas Health and Safety Code, Holcomb
had a duty to keep the records of the identity, evaluation, or treatment of
patients attended by emergency medical services personnel confidential and
privileged.  Tex. Health & Safety Code Ann. ' 773.091(b) (Vernon Supp. 2003).  The State claims appellant paid Holcomb to
breach this duty.  Appellant contends,
however, that a statutory exception to this duty exists when patient
information is released with the consent of the patient.  Tex.
Health & Safety Code Ann. ' 773.092(a)(2) (Vernon Supp.
2003).  Appellant seems to suggest that
because the State offered no evidence showing a lack of consent, the evidence
is necessarily insufficient to support his conviction. 

It is well established that “[t]he prosecuting attorney must
negate the existence of an exception in the accusation charging commission of
the offense and prove beyond a reasonable doubt that the defendant or defendant=s conduct does not fall within the
exception.”  Tex. Pen. Code Ann. ' 2.02(b) (Vernon 1994).  However, this burden falls upon the State
only for a penal code offense that is expressly identified by the phrase:  “It is an exception to the application of . .
. .”  Tex.
Pen. Code Ann. ' 2.02(a) (Vernon 1994). 
Here, the offense of bribery has only one statutory exception which
states:  “It is an exception to the
application of Subdivisions (1), (2), and (3) of Subdivision (a) that the
benefit is a political contribution as defined by Title 15, Election Code, or
an expenditure made and reported in accordance with Chapter 305, Government
Code.”  Tex.
Pen. Code Ann. ' 36.02(d) (Vernon 1994). 
The State specifically negated the existence of this exception in its
indictment and thereafter offered proof in support of this element at appellant=s trial.  This is all the State was required to do.








Further, the confidentiality of patient information required
by Section 773.091 of the Health and Safety Code can in no way be classified as
a penal offense in that it is (1) not found in the Texas Penal Code, and (2)
the statute provides for no criminal penalties. 
Rather, a breach of confidentiality is punishable only by a civil
injunction and damages.  Tex. Health & Safety Code Ann. ' 773.094 (Vernon 1992).  The State, therefore, was not required to
negate the possibility that the affected patients had consented to the release
of their patient information when proving up the elements of bribery.  Under the circumstances presented here,
appellant had the burden of establishing the patient=s consent.  See City of Houston v. Jones, 679 S.W.2d
557, 559 (Tex. App.CHouston [14th Dist.] 1984, no writ) (holding that the burden
of proof on a statutory exception of a non-penal statute rests on the party
seeking to benefit from the exception). 
Accordingly, appellant=s first issue is overruled. 

Appellant next argues the evidence is legally insufficient
because his work involved the collection and payment of fees for emergency
medical services rendered.  Under section
773.092 of the Health and Safety Code, confidential information may be
disclosed to individuals or corporations involved in the payment or collection
of fees for emergency medical services rendered by emergency medical services
personnel.  Tex. Health & Safety Code Ann. ' 773.092(e)(7) (Vernon Supp.
2003).  Appellant testified that his
business paid the ambulance bill for each patient/client that wanted to be
represented by a law firm.  Because he
fell under the exception in Section 773.092(e)(7), appellant contends Holcomb
did not violate the Health and Safety Code when she provided him with patient
information.








The difficulty with appellant=s argument is the jury did not
believe it.  Whether appellant was an
individual “involved in the payment or collection of fees for emergency medical
services” was a fact issue for the jury to decide.  Appellant presented little information about
exactly what his business did.  According
to appellant, he helped his clients recognize they might have a legal claim for
injuries, and he helped them obtain both legal and medical services.  Appellant did not explain how the extension
of these “services” involved the payment or collection of fees for emergency
medical personnel.  He presented no
payment sheets or collections from his clients or any receipts of payment from
HFD.  Moreover, appellant used an alias
when contacting patients, avoided contacting Caucasian patients, paid for
patient information in cash, never sought patient information through the
Public Information Office of the Houston Fire Department, never met with
Holcomb at her place of business, and when he exchanged cash for patient
information, he normally rendezvoused with Holcomb at a McDonald=s restaurant.  Not surprisingly, the jury rejected appellant=s claim.  Viewing the evidence in a light most
favorable to the verdict, we find the evidence was legally sufficient to
support appellant=s verdict. 
Accordingly, appellant=s second issue is overruled. 


In his third issue, appellant contends the evidence is
factually insufficient.  When conducting
a factual sufficiency review, the evidence is not viewed in the light most
favorable to the verdict, and the verdict is set aside only if it is so
contrary to the overwhelming weight of the evidence to be clearly wrong and
unjust.  Johnson v. State, 23 S.W.3d
1, 6B7 (Tex. Crim. App. 2000).  The evidence is considered equally, including
the testimony of defense witnesses and the existence of alternative
hypotheses.  Orona v. State, 836 S.W.2d
319, 321 (Tex. App.CAustin 1992, no pet.). 
We consider the fact finder=s weighing of the evidence and can
disagree with the fact finder=s determination.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  However, we are not free to reweigh the
evidence and set aside a verdict merely because a different result is more
reasonable.  Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997).  We must
defer to jury findings and find the evidence factually insufficient “only where
necessary to prevent manifest injustice.” 
Id.

Specifically, appellant argues the evidence is factually
insufficient because although he paid Holcomb for the information, (1) he did
not realize that Holcomb was a public servant or that the patient information
was confidential; and (2) the State failed to show that he intentionally and
knowingly paid Holcomb to violate the law.[2]  Appellant=s argument lacks merit.








First, the State presented ample evidence establishing
appellant=s guilt.  Appellant=s conduct was highly irregular for
one who believed he was engaged in a legitimate business.  Although appellant testified he did not
realize the information provided by Holcomb was privileged and confidential
information, he admitted to knowingly paying a Houston Fire Department employee
$600 a month in cash for patient information. 
Although he claims he did not know where Holcomb obtained the
information, he was careful never to meet with her at the Houston Fire Department.  Most transfers of information were conducted
daily at a downtown McDonald=s restaurant. 
Appellant never withheld income or payroll taxes.  As we have previously observed, appellant
used a fictitious name when contacting patients.  Moreover, Holcomb testified that appellant
told her he only wanted the names of Hispanic and black patients because “they
don=t say nothing; but the whites always
ask questions, a lot of questions.”

Second, the jurors were free to use their common sense and
apply common knowledge, observation, and experience gained in the ordinary
affairs of life when giving effect to the inferences that may reasonably be
drawn from the evidence.  See Jones v.
State, 900 S.W.2d 392, 399 (Tex. App.CSan Antonio 1995, pet. ref=d). 
Here, the jury disregarded appellant=s explanation for his actions.  See Moore v. State, 804 S.W.2d
165, 166 (Tex. App.CHouston [14th Dist.] 1991, no pet) (holding that the jury is
entitled to accept the State=s version of the facts and reject appellant=s version or reject any of the
witnesses= testimony).  We find the verdict was not so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.  Accordingly, appellant=s third issue is overruled.

Constitutionality of Sections 773.091 and 773.092

In his fourth, fifth, sixth, and eighth issues, appellant
contends the confidentiality requirement imposed upon patient records by
Sections 773.091 and 773.092 of the 
Health and Safety Code is unconstitutional under both the state and federal
constitutions.








When the constitutionality of a statute is at issue, we
presume the statute is valid and that the legislature did not act unreasonably
or arbitrarily in enacting the statute.  Weyandt,
35 S.W.3d 144, 155 (Tex. App.CHouston  [14th Dist.]
2000, no pet.).  The burden rests on the
moving party to establish its unconstitutionality.  Id. 
Furthermore, we will uphold the statute if a reasonable construction of
it can be determined which will render it constitutional and carry out the
legislative intent.  Id.  

In his fourth and fifth issues, appellant claims that
Sections 773.091 and 773.092 violate the Texas and United States Constitutions
by infringing upon his right to free speech. 
Appellant testified that he used the information purchased from Holcomb
to prepare patient advertisement letters. 
Moreover, he testified the State Bar of Texas had approved his
solicitation letters.  Because direct
mail solicitation is a form of commercial speech, appellant contends the effect
of Sections 773.091 and 773.092 was to infringe upon the free exercise of that
right.

However, the propriety of appellant=s solicitation letter is not at
issue, and we are at a loss to understand how statutory protections regarding
the privacy of personal medical information can be deemed an infringement upon
commercial speech.  The gravamen of the
offense here centers not on the contents of appellant=s solicitation letter, but the manner
by which he procured the names of potential customers.  “Neither the First Amendment nor Fourteenth
Amendment mandates a right of access to information within the government=s control.”  Houchins v. KQED, Inc., 438 U.S. 1,
15, 98 S. Ct. 2588, 2597, 57 L. Ed. 553 (1978); Zemel v. Rusk, 381 U.S.
1, 85 S. Ct. 1271, 14 L. Ed. 2d 179 (1965) (First Amendment right to speak and
publish does not carry with it the unrestrained right to gather
information).  Moreover, even if Sections
773.091 and 773.092 could, in some fashion, be considered a restriction upon
free speech, we find no unconstitutional restriction.








The initial step in First Amendment analysis is to determine
whether a statute is content‑neutral or content‑based.  Rappa v. New Castle County, 18 F.3d
1043, 1053 (3rd Cir. 1994).  Here, the
statutes regulate the dissemination of private medical information.  While this would, at first, seem to be a
content-based restriction,  regulation
that prohibits speech by reference to its type, category, or characteristics
(in essence, its content ) may become content‑neutral if the regulation is
aimed only at curbing the secondary effects of the speech and not at
suppression of a particular message.  City
of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 47 (1986).  Here, the regulation is aimed only at curbing
the secondary effects, i.e., violating the personal privacy concerns of
accident victims.  Thus, we find the
statutes to be content-neutral.

When, as here, a statute is content‑neutral, it must be
narrowly tailored to serve a significant governmental interest and leave open
ample alternative channels for communication of the information.  Rappa, 18 F.3d at 1054.  Moreover, commercial speech enjoys only a
limited measure of protection, commensurate with its subordinate position in
the scale of First Amendment values, and is subject to modes of regulation that
might be impermissible in the realm of noncommercial expression.  Florida Bar v. Went For It, Inc., 515
U.S. 618, 623 (1995).  Thus, with regard
to restrictions on commercial speech the state must merely show (1) a
substantial government interest; (2) the regulation must advance that
government interest; and (3) the regulation must be narrowly drawn to advance
that interest.  Cent. Hudson Gas &
Elec. v. Pub. Serv. Comm=n.,
447 U.S. 557, 564B65, 100 S. Ct. 2343, 2350B51, 65 L. Ed. 2d 341.  (1980). 









Protecting the confidentiality of private medical information
serves a significant governmental interest. 
Without such protection, persons injured in automobile accidents might
be reluctant to disclose important medical history vital to their health and
treatment.  The statutes also provide
alternative channels for communication of the information, namely, by obtaining
the consent of the injured persons. 
Further, the statues do not prevent appellant from learning the
identities of accident victims from other sources, such as newspapers,
television, or record services.  See Tex. Health & Safety Code Ann. ' 773.091 & 773.092 (Vernon Supp.
2003).  Nor does section 773.091
proscribe a time frame in which appellant may contact direct mail clients.  See id.  Furthermore, section 773.091 applies across
the board to anyone accessing the information, not just to a certain class of
persons.  See id.

Accordingly, to the extent, if any, that the statutes
infringe upon appellant=s right to free speech, we find they serve a substantial
governmental interest and are narrowly tailored to serve that interest.

Appellant also alleges that section 773.091 of the Health and
Safety Code is overbroad because it makes the same patient information
confidential that section 550.065(a) of the Texas Transportation Code makes
public record, i.e., the type of accident, the injury involved, and the
patients= names and addresses.

We first observe that even under section 550.065(a) of the
Transportation Code, accident information is classified as confidential.  According to section 550.065(c)(4), such
information can only be released to persons who provide the department or
government entity with two or more of the following:  (1) the date of the accident; (2) the
location of the accident; or (3) the name of a person involved in the
accident.  Tex. Transp. Code Ann. ' 550.065(c)(4) (Vernon Supp.
2003).  Thus, under the Transportation
Code, appellant could not lawfully gain access to the information he purchased
from Holcomb without the prerequisite knowledge specified by the statute.

We also note that under the Texas Open Records Act, public
information is available to the public, unless that information is made
confidential under another law.  Tex. Gov=t Code Ann. '' 552.021, 552.022(a) (Vernon Supp.
2002); Holmes v. Morales, 924 S.W.2d 920, 922B23 (Tex. 1996).  Here, of course, the information is expressly
made confidential by both the Health and Safety Code and the Transportation
Code, and thus appellant cannot access the information through the Texas Open
Records Act.  Tex. Gov=t Code Ann. '' 552.021, 552.022(a) (Vernon Supp.
2002); Holmes v. Morales, 924 S.W.2d 920, 922B23 (Tex. 1996).  








Finally, appellant contends that section 773.091 is
unconstitutionally vague.  A statute that
forbids or requires an act in terms so vague that men of common intelligence
must necessarily guess at its meaning and differ as to its application violates
the first essential of due process of law. 
Cotton v. State, 686 S.W.2d 140, 141 (Tex. Crim. App. 1985).  A statute is void for vagueness if it fails
to give a person sufficient information to understand exactly what conduct is
prohibited or it encourages arbitrary or discriminatory prosecution by the
State.  Weyandt v. State, 35 S.W.3d
at 155.  Either ground creates an
unconstitutionally vague statute.  Id.  

A statute that contains undefined words or terms is not
necessarily unconstitutional for vagueness. 
Id.  The undefined words or
terms are given their plain meaning unless the statute clearly indicates they
were used in another sense.  Flores v.
State, 33 S.W.3d 907, 921 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
Statutory words are read in context and construed according to the rules
of grammar and common usage.  Tex. Gov=t Code Ann. ' 311.011(a) (Vernon 1998).  Words defined in dictionaries that have
well-known meanings are not vague and indefinite.  Flores, 33 S.W.3d at 921.  A statute need not be mathematically precise;
it must only give fair warning of the conduct prescribed and provide guidelines
for law enforcement.  Weyandt, 35 S.W.3d
at 155.  

Appellant argues the statute fails to define the terms “identity,”
“presence,” and “information regarding the presence” found in section
771.091(g).  Tex. Health & Safety Code Ann. ' 771.091(g) (Vernon Supp. 2003).  However, these are not terms of art, and they
should be afforded their meaning in common usage.  Thus, while “information regarding the presence,
nature of injury or illness, age, sex, occupation, and city of residence of a
patient who is receiving emergency medical services,”[3]
is not protected, this language does not, as appellant suggests, conflict with
the prohibition on disclosing the identity of a person receiving emergency
medical services. 








The commonly understood meaning of “presence” is “the fact or
state of being present.”  Webster=s II New
Riverside Dictionary
(1996).  Thus, the term does not conflict
with the requirement that the identity of a patient must remain
confidential.  See Tex. Health & Safety Code Ann. ' 773.091(b) (Vernon Supp. 2003).  Accordingly, information regarding the simple
fact that a person was injured, the nature of the injury, the person=s age, sex, occupation, and city of
residency may be disclosed without necessarily revealing the identity of
person.  Tex. Health & Safety Code Ann. ' 773.091(g) (Vernon Supp. 2003); Webster=s II New
Riverside Dictionary (1996).  Because sections 773.091(b) and
773.091(g) are easily reconcilable, we find the provisions are not
contradictory, nor do they render the statute void for vagueness.

Accordingly, appellant=s fourth, fifth, sixth, and eighth
issues are overruled.

Motion to Quash

Appellant next alleges the trial court erred in denying his
motion to quash the indictment. 
Appellant contends the indictment deprived him of sufficient notice of
the charge against him because it failed to identify the legal duty imposed on
Holcomb.  

The
original indictment charging appellant with bribery alleged several factual
particulars about the offense.  It
stated, in relevant part, that appellant: 


did . . . intentionally and knowingly offer and agree
to confer a benefit, namely money, to Sandra Holcomb, a public servant employed
by the City of Houston Fire Department, as consideration for Sandra Holcomb to
release patient identity records created by emergency medical services
personnel, in violation of a duty imposed by law on Sandra Holcomb, namely
Section 773.091 of the Texas Health and Safety Code.

 

In a pretrial
motion, appellant moved the court to quash the indictment because it failed to
define “patient identity records” and the information received from Holcomb was
a public record.  The State subsequently
abandoned this indictment and obtained a new indictment which recited the bare
statutory elements.  The indictment
alleged that appellant:  








did . . . intentionally and knowingly offer to confer
upon and agree to confer upon Sandra Holcomb a benefit as consideration for a
violation of a duty imposed by law upon a public servant, and said benefit was
not a political contribution as defined by Title 15 of the Election Code or an
expenditure made and reported in accordance with Chapter 305, Government
Code.   

 

Appellant filed another motion to quash, claiming the second indictment
deprived him of his due process right to adequate notice of the charge against
him because it failed to state what duty was imposed on Holcomb.  At a subsequent hearing, appellant raised this
issue and also presented evidence that section 773.091 of the Texas Health and
Safety Code was unconstitutional.  The
trial court denied appellant=s motions.  

Both the United States and Texas Constitutions require the
State to give a defendant notice before trial of the nature and cause of the
accusations against him.  U.S. Const. amend. VI, ' AA; Tex. Const. art. I, ' 10. 
They further require that notice be given with sufficient clarity and
detail to enable the defendant to anticipate the State=s evidence and prepare a proper
defense to it.  Garcia v. State,
981 S.W.2d 683, 685 (Tex. Crim. App. 1998). 
In other words, everything should be in the indictment that is necessary
to be proved.  Tex. Code Crim. Proc. Ann. art. 21.03 (Vernon 1989).  The certainty of the allegations must enable
the accused to plead the judgment that may be given upon the indictment in bar
of any prosecution for the same offense. 
Tex. Code Crim. Proc. Ann.
art. 21.04 (Vernon 1989).  A motion to
quash will be sustained if the facts sought are essential to giving
notice.  Thomas v. State, 621 S.W.2d
158, 161 (Tex. Crim. App. 1981). 
However, unless a fact is essential, the indictment need not plead
evidence relied on by the State.  Id.  Subject to rare exceptions, an indictment
tracking the language of the statute will satisfy constitutional and statutory
requirements.  State v. Mays, 967 S.W.2d
404, 406 (Tex. Crim. App. 1998).








Here, the indictment tracked the language of the bribery
statute.  Moreover, the record amply
demonstrates that appellant was well aware of the legal duty violated by
Holcomb.  First, the statute was set
forth in the original indictment.  See
Grettenberg v. State, 790 S.W.2d 613, 614B65 (Tex. Crim. App. 1990) (holding
defendant gained adequate notice from a former indictment).  Second, appellant repeatedly argued before
and during trial that (1) section 773.091 of the Texas Health and Safety Code
was unconstitutional and (2) that certain defenses found in section 773.092 of
the Texas Health and Safety Code authorized his conduct.  Accordingly, the record indicates appellant
had actual notice of the legal duty imposed upon Holcomb.[4]


Appellant=s seventh point of error is overruled, and the judgment of
the trial court is affirmed. 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed February 6, 2003.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant
owned a half interest in a chiropractor clinic. 






[2]  The penal code
defines Aintentionally@ and Aknowingly@ as
follows:

 A person acts intentionally, or with intent,
with respect to the nature of his conduct or to a result of his conduct when it
is his conscious objective or desire to engage in the conduct or cause the
result.  A person acts knowingly, or with
knowledge, with respect to the nature of his conduct when he is aware of the
nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge,
with respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.

  Tex. Pen. Code Ann. ' 6.03(a) & (b) (Vernon 1994).





[3]  Tex. Health & Safety Code Ann. ' 771.091(g) (Vernon Supp. 2003) (emphasis added).





[4]  Appellant
cites numerous cases in which the indictment was held insufficient to provide
notice of the offense.  See Castillo
v. State, 689 S.W.2d 443, 449 (Tex. Crim. App. 1984)
(defendant alleged to intentionally Astart
a fire@ held
insufficient to give notice of charge against him); Doyle v. State, 661 S.W.2d 726, 730 (Tex. Crim. App.
1983) (Athreaten to
harm another@ held
insufficient to give defendant notice of charge); Miller v. State, 647 S.W.2d 266, 267 (Tex. Crim. App.
1983) (holding indictment insufficient because it failed to specify how
defendant Adamaged and
destroyed@
property).  None of these cases are
pertinent here, however, because in each instance the indictment failed to
allege an act or omission by the defendant.  Here, the challenged portion of the
indictment, i.e., the duty imposed on Holcomb is not descriptive of
appellant=s conduct.  The Court of Criminal Appeals has uniformly
rejected claims in which the defendant alleges he was not provided adequate
notice regarding some act unrelated to the defendant=s
conduct.  See Moreno v. State, 721
S.W.2d 295, 300 (Tex.
Crim. App. 1986) (indictment charging defendant with murder of officer engaged
in the lawful discharge of official duties was not required to include alleged
acts of officer that constituted his action in discharge of those duties); Nethery
v. State, 692 S.W.2d
686, 695 (Tex. Crim. App. 1980) (indictment charging defendant with murder of a
peace officer was not required to include statutory definition of Apeace
officer@).