

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1317-15

### THE STATE OF TEXAS

### v.

### MARY ZUNIGA, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

**YEARY, J., filed a concurring opinion in which WALKER, J., joined.**

I agree with the Court that the court of appeals concluded correctly that "the specific

identity of the evidence" in a tampering with physical evidence case is an "evidentiary issue"

and that Appellee's exception to the substance of the indictment lacks merit because "the

State alleged every element of the offense of tampering with evidence." Majority Opinion

at 12-14. I also agree with the Court's decision to remand this case to the court of appeals to

have that court address more fully the argument that the indictment failed to provide adequate

notice to allow the preparation of a defense. *Id*. at 16. I therefore join the Court's opinion.

I write separately only to highlight what I perceive to be a critical distinction between what

the court of appeals addressed in its initial review of this case and what the trial court actually described as the basis for its ruling.[1]

Appellee was indicted on April 25, 2014, for the offenses of assault on a public servant and tampering with physical evidence. With regard to the allegation that Appellee tampered with physical evidence, the indictment originally alleged that she

> did then and there, while knowing that an investigation was in progress, to wit: A DRUG INVESTIGATION, intentionally and knowingly ALTER, OR DESTROY, OR CONCEAL [ ] with intent to impair its verity or availability as evidence in any subsequent investigation or official proceeding related to the offense.

Appellee filed a motion to quash the indictment in which she alleged, among other things, that "the [i]ndictment [did] not adequately inform [her] of the act(s) the state [would] rely upon to constitute the crime of Tampering with Physical Evidence." On May 8, 2014, the trial court held a hearing on her motion at which the State announced that it would amend the indictment to replace the empty brackets in the tampering allegation with the phrase "an unknown substance."

On May 12, 2014, Appellee filed an amended motion to quash the indictment, arguing again that the original indictment "failed to allege . . . how it is that the defendant altered,

---

[1] While we have sometimes required that an indictment allege information beyond the bare language of the penal provision, we have done so only "when the statutory language is not completely descriptive of the offense." George E. Dix & John M. Schmolesky, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 25:142, at 232 (3d ed. 2011). It might plausibly be argued that the statutorily proscribed act itself—"alters, destroys, or conceals"—is not "completely descriptive" of the conduct necessary to commit the offense. TEX. PENAL CODE § 37.09(a)(1). As I shall explain, I believe this issue was properly before the court of appeals, and it should not have reversed the trial court's ruling on the motion to quash without first addressing it.

destroyed or concealed" evidence, and also arguing that "Defendant has absolutely no idea what the State is alleging she did . . . ." Appellee questioned, "how does 'unknown substance' give any insight . . . as to what 'thing' the State speaks of and/or how such thing was or could have been and/or was 'evidence' at all." She concluded, "the 'amended indictment' proffered by the State still fails, as it . . . does not adequately inform [Appellee] of the act(s) the State [would] rely upon to [demonstrate] the crime of Tampering with Physical Evidence."

The trial court convened a hearing to address the amended motion on May 29, 2014. At that hearing, the bulk of the discussion between the parties addressed the propriety of the State's reliance on the phrase "an unknown substance" to describe the evidence alleged to have been tampered with. But at the conclusion of the hearing, the trial judge announced, consistent with a clear allegation in the motion that was being heard, the following: "I believe the indictment fails at this time to inform the defendant of *the acts* that [the State] will rely upon to constitute the crime of tampering, and at this time I am going to quash the indictment." (emphasis added).

The State appealed, complaining that the trial court erred by granting Appellee's motion to quash. The State argued that the court of appeals should hold that "the evidentiary 'thing' tampered with need not be specifically identified in the indictment," especially when it is unknown. The court of appeals agreed with the State and reversed the trial court's order. But neither the State nor the opinion of the court of appeals addressed the conclusion of law

announced by the trial court as the basis for its ruling. Instead, they both focused narrowly on certain major arguments of the parties at the hearing.

The court of appeals correctly observed that the sufficiency of a charging instrument is a question of law that is reviewed de novo. *See Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010). But the court of appeals appears to have focused not on the sufficiency of the charging instrument so much as it focused on the argument presented by the State and responded to by Appellee orally at the hearing on the amended motion to quash. In the end the court of appeals concluded, as do I, that the indictment sufficiently described the thing alleged to have been tampered with. But it failed, in my view, to address the equally important alternative question of whether the indictment sufficiently alleged the act or acts that the State would rely upon to demonstrate tampering.

We stated long ago, in *Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim. App. 1978), that "[i]t is not sufficient to say that the accused knew with what offense he was charged; rather, we must inquire as to whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense." In this case, Appellee complained in her motion to quash that she had "absolutely no idea what the State is alleging she did." Indeed, then, the trial court declared that the indictment should be quashed because it failed "to inform the defendant of *the acts* that [the State would] rely upon to [demonstrate] the crime of tampering." But, it is as if the parties and the court of appeals in this case all failed to notice the precise thing that appears to have driven

the trial court to declare that the indictment should be quashed; they seem not to have noticed the difference between an act and the thing that is acted upon.

I would therefore agree fully with the decision of the majority to remand to address the adequacy of the notice provided in the indictment in this case. On page 4 of the Appellee's brief on direct appeal, Appellee argued that "the indictment is insufficient . . . to wit that it . . . does not adequately inform Appellee of *the act(s)* the State will rely upon to constitute the crime of Tampering with Physical Evidence." The court of appeals has not addressed that question. But it should. In my view, that is an issue that has not yet been addressed but that is necessary to a final disposition of this appeal. TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

Moreover, "[a]n appellate court must uphold a trial court ruling that is reasonably supported by the record and is correct under any theory of law applicable to the case." *State v. White*, 306 S.W.3d 753, 758 n.10 (Tex. Crim. App. 2010). It is entirely possible that the trial court ruled in this case that the indictment failed to sufficiently allege the act (as opposed to what was acted upon). If so, that would be an alternative basis for granting the motion to quash that would support the trial court's ruling and that ought to be addressed on appeal. With these additional thoughts, I join the Court's opinion.

FILED:     March 8, 2017
PUBLISH